En el Tribunal Supremo de Puerto Rico

| Dr. Luis M. Rodríguez Mora, et al. Demandante-Peticionario V. Dr. José Arturo García Lloréns, et al. Demandados-Recurridos | Certiorari 98TSPR169 |
|---|---|

Número del Caso: CC-97-509 Cons. CC-97-536

Abogados de la Parte Peticionaria: Lic. Bamily López Ortiz
Lic. Mirta E. Rodríguez Mora

Abogados de la Parte Recurrida: Lic. Nereida Meléndez
Lic. Pedro E. Ruiz Meléndez
(McConnel Valdés)

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior, Sala de Arecibo

Juez del Tribunal de Primera Instancia: Hon. Eliseo Gaetán y Mejías

Tribunal de circuito de Apelaciones: Circuito Regional de Arecibo-Utuado

Juez Ponente: Panel integrado por su presidenta, Juez Rivera de Martínez y los Jueces Rivera Pérez y Soler Aquino

Fecha: 12/17/1998

Materia:

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dr. Luis M. Rodríguez Mora,
et al.

   Demandantes–Peticionarios

                                 CC–97–509     Certiorari
                           Cons. CC–97–536

       v.

Dr. José Arturo García
Lloréns, et al.

   Demandados–Recurridos


**PER CURIAM**


San Juan, Puerto Rico, a 17 de diciembre de 1998

I

Desde el 9 de junio de 1997 se dilucida en el Tribunal de Primera Instancia, Sala Superior de Arecibo una petición de orden de injunction presentada por varios médicos – Rodríguez Mora, et al.–, contra los doctores García Lloréns, et al., miembros de la Junta de Directores de las corporaciones Hospital Doctor Susoni, Inc. y Doctor Susoni Health Community Services, Corp. Solicitaron su remoción y el nombramiento de un administrador judicial.

Previo ciertos trámites, el 24 de julio, el Tribunal de Instancia (Hon. Eliseo Gaetán y Mejías) dictó **Sentencia Parcial** declarando con lugar el interdicto preliminar, y decretando ilegal la elección de la entonces Junta de Directores. Como **único remedio** concedió el nombramiento de un **coadministrador judicial** para dichas corporaciones. Esta sentencia parcial fue archivada en autos ese mismo día y notificada **a una dirección errónea** de la Lcda. Bámily López Ortiz, abogada de los demandantes Rodríguez Mora, et al. favorecidos por dicho dictamen. Para subsanarlo, se hizo una notificación enmendada el 30 de julio, cursada correctamente a todas las partes.

No conformes, el 26 de agosto los demandados García Lloréns, et al., apelaron al Tribunal de Circuito (Núm. KLAN9700882). Solicitaron la revocación de la Sentencia Parcial señalando que Instancia erró al nombrar el coadministrador judicial; tramitar la acción directa de Rodríguez Mora, et al., como una acción derivativa; y concluir que ellos incurrieron en actos intencionales de acción y omisión sin que se desfilara prueba a esos efectos. En auxilio de su jurisdicción, el 28 de agosto, Circuito paralizó los procedimientos en instancia, sujeto a que los demandados García Lloréns, et al. prestaran una fianza de $25,000.00. Ordenó a los demandantes Rodríguez Mora, et al. someter alegato en veinte (20) días. Ese mismo día, el Tribunal de Instancia, a solicitud de Rodríguez Mora, et al., suspendió la celebración de una Reunión de Accionistas del Hospital Doctor Susoni, Inc. convocada para esa misma

fecha. En oposición, el 9 de septiembre, los demandados García Lloréns, et al., plantearon al Circuito que la suspensión de esa reunión era nula, ya que dicho foro no tenía jurisdicción -a la luz de la Resolución del foro apelativo paralizando los procedimientos sujeto a la prestación de fianza-, para entender en el caso. Los autos revelan que la fianza -requisito para dejar en suspenso el injunction-, fue presentada el 29 de agosto. El 10 de septiembre, el Tribunal de Circuito dejó sin efecto la Resolución de Instancia suspendiendo la reunión, y paralizó todos los procedimientos ante dicho foro.

Contra esta Resolución y la emitida previamente el 28 de agosto por Circuito, los demandantes Rodríguez Mora, et al. presentaron este Certiorari (Núm. CC-97-509). Plantean que la Resolución del 28 de agosto, es nula por carecer el Circuito de jurisdicción. En síntesis, argumentan que la Sentencia Parcial de Instancia fue archivada en autos el 24 de julio de 1997 y la apelación interpuesta en el Circuito por los demandados García Lloréns, et al. fue presentada el 26 de agosto, transcurrido el término jurisdiccional de treinta (30) días. Aducen que se trata de un error de forma. Aunque hubo una segunda notificación el 30 de julio, el primer archivo en autos de copia de la notificación del 24 de julio fue correcta en cuanto a los demandados García Lloréns, et al., y es la fecha en que comenzó a decursar dicho término jurisdiccional. Sostienen que la notificación del 30 de julio fue únicamente para notificarles a ellos, ya que las demás partes fueron

debidamente notificadas el 24 de julio. Señalan además, contrario a lo sostenido por García Lloréns, et al., que la Resolución de Instancia ordenando la paralización de la Reunión, fue dictada con jurisdicción, pues fue emitida **antes de haberse presentado la fianza requerida por el Circuito** a García Lloréns, et al., como condición para paralizar los procedimientos en Instancia del injunction preliminar y el coadministrador judicial. Por estas razones, nos solicitan que revoquemos la paralización ordenada por Circuito el 10 de septiembre de 1997.

Pendiente ese recurso ante nos, el 18 de septiembre el Tribunal de Circuito declaró sin lugar una reconsideración de Rodríguez Mora, et al. El 24 de septiembre, mediante Certiorari Núm. CC-97-539, éstos solicitaron su revisión.

Así las cosas, el 17 de septiembre ordenamos mostrar causa por la cual no deberíamos revocar la Resolución del Circuito fechada 28 de agosto. El 30 de septiembre de 1997, consolidamos los certioraris Núms. CC-97-509 y CC-97-536 y resolvimos según lo intimado. Con el beneficio de la comparecencia de los recurridos García Lloréns, et al., resolvemos.

II

El error sobre falta de jurisdicción no fue cometido. La apelación de García Lloréns, et al. ante el Tribunal de Circuito fue en tiempo. No compartimos el argumento central de los demandantes Rodríguez Mora, et al. que genera la anomalía de dos términos jurisdiccionales en virtud de una notificación errónea y otra correcta. Veamos.

La correcta notificación de una sentencia es característica imprescindible del debido proceso judicial. Por su valor intrínseco e importancia, –distinto a la contención de los peticionarios Rodríguez Mora, et al.–, no estamos ante un simple error de forma inconsecuente. **Notificar una sentencia a la dirección errónea de un abogado de una parte, equivale a ninguna notificación.**

Un error oficinesco imputable a la Secretaría de un Tribunal, y la necesidad de subsanarlo mediante la emisión de una ulterior notificación enmendada de sentencia, **no puede generar la anomalía de crear dos términos apelativos jurisdiccionales, con las consabidas ventajas y desventajas que ello significa.** A fin de cuentas, sobre una misma sentencia no pueden haber válidamente, con fechas distintas, dos archivos en autos de copia de su notificación.

Las Reglas 65.3 y 67.2 de Procedimiento Civil establecen la forma en que se hará toda notificación.[1] Si se utiliza

---

[1] En lo pertinente:

"**65.3.  Notificación de órdenes y sentencias**

(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.

...

(c) El secretario hará constar en la copia de la constancia de la notificación que una a los autos originales la fecha y forma en que se hizo la notificación y la persona o personas notificadas.

el correo, **ambas visualizan que los abogados serán notificados a la misma vez y, correctamente, a sus direcciones conocidas en récord.** Cuando por equivocación no se hace de esa manera ni se da esa simultaneidad, la notificación es a priori defectuosa y no se activan ni comienzan a correr los términos jurisdiccionales para presentar memorando de costas, pedir reconsideración, solicitar determinaciones o enmiendas a conclusiones de hecho o de derecho, o para apelar.

En consecuencia, en el certiorari CC-97-509, resolvemos que el Tribunal de Circuito de Apelaciones asumió válidamente jurisdicción sobre la apelación presentada dentro de los treinta (30) días de haberse correctamente

---

Si la notificación se diligenciare personalmente, entonces deberá unirse a los autos la certificación del alguacil o del empleado del tribunal que hiciere la notificación, o la declaración jurada de la persona particular que acredite la diligencia.

**67.2. Forma de hacer la notificación**

Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretaria o de otra persona a cargo de la misma; o, si no hubiere alguien encargado de la oficina dejándola en algún sitio conspicuo de la misma, o si la oficina estuviere cerrada o la persona a ser notificada no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona que no sea menor de 18 años que resida

archivado en autos copia de la notificación enmendada de la sentencia. Como corolario, dicho foro debe pasar juicio sobre los méritos de ese recurso.

III

Ahora bien, en cuanto al <u>certiorari</u> CC–97–536 concluimos que incidió el Tribunal de Circuito de Apelaciones al paralizar los efectos del injunction.

La Ley de la Judicatura de 1994 dispone que, salvo orden al contrario, la presentación de una apelación ante el Tribunal de Circuito en casos civiles suspende los procedimientos ante el Tribunal de Instancia. Cualquier cuestión no comprendida en la apelación, puede continuar considerándose por el foro apelado. 4 L.P.R.A. sec. 22k.

Sin embargo, esta norma general queda cualificada por la Regla 53.9 (d)(1) de Procedimiento Civil, según enmendada, 32 L.P.R.A., Ap. III y la Regla 18(2) del Reglamento del Tribunal de Circuito de Apelaciones, el cual consigna que si la decisión apelada incluye, como remedio una orden de injunction, sus efectos no serán suspendidos.[2] 4 L.P.R.A. Ap. XXII-A R. 18(2).

En el caso de autos, hemos visto que la sentencia apelada declaró con lugar una petición de interdicto preliminar y concedió como único remedio el nombramiento de un coadministrador. Bajo la normativa expuesta la

---

allí. La notificación por correo quedará perfeccionada al ser depositada en el correo."

[2] También incluye una orden de mandamus o de hacer o desistir, una orden de pago de alimentos; o una orden sobre custodia o relaciones filiales.

presentación de la apelación no suspendió automáticamente sus efectos ni los procedimientos en Instancia.

Por esta razón, junto a la apelación, García Lloréns, et al., en Auxilio de Jurisdicción solicitaron la paralización de sus efectos. En Peña v. Federación de Esgrima, 108 D.P.R. 147 (1978), establecimos que para que proceda una solicitud de suspensión de los efectos de una sentencia de interdicto mientras pende una apelación, el peticionario tiene que: (a) presentar un caso fuerte en los méritos; (b) demostrar que si no se detiene la ejecución de la sentencia sufrirá daños irreparables; (c) que la paralización no causará daño a los apelados; (d) y que tampoco la paralización generará daños al interés público.[3]

Indicamos, además en Peña, que "la autoridad para suspender los efectos de la sentencia y detener su ejecución... debe residir **también** en la sala de instancia que por su contacto inmediato con la prueba,..., se halla en posición excepcional para ejercer el sano arbitrio entre los intereses, conveniencias y perjuicios de una y otra parte afectados por la concesión o denegación de efecto suspensivo a la sentencia". (Pág. 154).

Si bien al presente el pronunciamiento de Peña ha variado y  el Tribunal de Circuito tiene facultad para, en auxilio de jurisdicción, paralizar los efectos de una orden de injunction, ello no da traste a la norma de deferencia

---

[3] Sobre el contenido del recurso de revisión discrecional contra resolución final de un organismo administrativo, y los requisitos para la expedición, como remedio provisional de un injunction en Auxilio de

hacia el Tribunal de Instancia, basada precisamente en el contacto con la prueba y demás elementos decisorios.

La Sentencia Parcial apelada, está documentada en unas cien (100) páginas en las cuales el Tribunal de Instancia determinó, luego de realizar un examen integral de la prueba desfilada, que los hechos probados ameritaban como remedio imposponible y necesario el nombramiento de un coadministrador. Las serias discrepancias entre los protagonistas y el evitar mayores dificultades en los servicios de salud y hospitalarios que brindan las corporaciones envueltas, nos mueven a concluir que estamos ante un caso en que no debe suspenderse los efectos del injunction preliminar.

Se dictará la correspondiente Sentencia.

Jurisdicción, consúltese Misión Industrial de P.R. y otros v. Junta de Planificación, res. el 21 de marzo de 1997.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Dr. Luis M. Rodríguez Mora,
et al.

   Demandantes-Peticionarios

|  |  |  |
|---|---|---|
| | CC-97-509 | Certiorari |
| v. | Cons. CC-97-536 | |

Dr. José Arturo García
Lloréns, et al.

   Demandados-Recurridos

**SENTENCIA**

San Juan, Puerto Rico, a 17 de diciembre de 1998

Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, en el <u>certiorari</u> CC-97-509 se confirma la validez jurisdiccional sobre la apelación presentada ante el Tribunal de Circuito de Apelaciones, sobre el cual dicho foro deberá oportunamente pasar juicio sobre sus méritos.

Respecto al CC-97-536 se revoca la Resolución del Tribunal de Circuito de Apelaciones que paralizó los efectos del injunction emitido en virtud de la Sentencia Parcial del Tribunal de Instancia de fecha 24 de julio de 1997.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Corrada del Río no intervinieron.

                  Isabel Llompart Zeno
                  Secretaria del Tribunal Supremo