CC-2000-150                                                        1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| U. S. Fire Insurance Company<br>        Peticionarios<br><br>        v.<br><br>Autoridad de Energía Eléctrica y otros<br>        Recurridos | Certiorari<br><br>2000 TSPR 133 |
| --- | --- |

Número del Caso: CC-2000-0150

Fecha: 13/septiembre/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VII

Panel Integrado por:

>           Hon. Rivera de Martínez
>           Hon. Cabán Castro
>           Hon. Martínez Torres

Abogados de la Parte Peticionaria:

>           Bufete Agrait Lladó
>           Lcda. Blanca E. Agrait Lladó

Abogado de la AEE y General Accident Insurance Company:

>           Lcdo. Pedro Lugo Frank

Abogado de la AEE:

>           Lcdo. Adalberto Alomar Rosario

Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

U.S. Fire Insurance Co.

    Demandante-Peticionario

       Vs.                                    CC-2000-150        Certiorari

Autoridad de Energía Eléctrica
y otros

    Demandados-Recurridos

PER CURIAM

San Juan, Puerto Rico, a 13 de septiembre de 2000.

Por entender que erró el Tribunal de Circuito de Apelaciones al denegar los recursos presentados por los demandados, por el fundamento de haber sido presentados fuera del término que establece la ley, revocamos.

## I.

El 26 de julio de 1993 la Autoridad de Acueductos y Alcantarillados (en adelante A.A.A.) se proponía realizar una descarga de agua en la represa de Carraízo. La Defensa Civil, ante esta situación de emergencia, le requirió a la Unidad Aérea de la Policía de Puerto Rico que llegara

hasta el lugar para que diera aviso a algunas personas que se encontraban en los alrededores de la represa. Cuando el helicóptero de la Policía de Puerto Rico acudió al área, este impactó un cable del tendido eléctrico que cruzaba sobre el río frente a la pared de la represa, lo cual provocó que la nave se estrellara. En el accidente perdieron la vida los tres tripulantes. El helicóptero quedó destruido y resultó en pérdida total.

A raíz de este accidente, los familiares y parientes de los occisos radicaron varias acciones de daños y perjuicios en contra de la Autoridad de Energía Eléctrica (en adelante A.E.E.) y la A.A.A, y de sus respectivas compañías aseguradoras. Por su parte, U.S. Fire Insurance Co., compañía aseguradora que pagó a la Unidad Aérea de la Policía de Puerto Rico por la pérdida total del helicóptero, también presentó una acción de subrogación para recobrar lo pagado. El Tribunal de Primera Instancia consolidó las referidas acciones judiciales.

Luego de la celebración del juicio correspondiente, el tribunal de instancia dictó sentencia, la cual fue archivada en autos el 17 de septiembre de 1998. Concluyó que tanto la A.A.A. como la A.E.E., habían sido negligentes. En cuanto a la acción de subrogación de la co-demandante U.S. Fire Insurance Co., condenó a las demandadas a pagar el valor de la pérdida del helicóptero, el cual había sido estipulado por las partes previamente. Señaló el tribunal de instancia

que no existían razones para posponer dictar sentencia en cuanto a dicha reclamación y ordenó expresamente el registro y la notificación de la sentencia. Por último, determinó que las vistas respecto a los daños sufridos por los restantes demandantes se dilucidarían oportunamente.

Así las cosas, las co-demandadas, la A.A.A y la A.E.E., presentaron oportunamente ante el Tribunal de Primera Instancia sendas mociones solicitando determinaciones de hechos y conclusiones de derecho adicionales. El tribunal a quo dictó resolución la cual fue archivada en autos el 7 de abril de 1999, en la que declaró no ha lugar las referidas mociones. Inconforme, la A.A.A. presentó un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 6 de mayo de 1999. La A.E.E. hizo lo propio el 7 de mayo de 1999.

El Tribunal de Circuito de Apelaciones emitió una resolución en la que consolidó las apelaciones presentadas. Posteriormente, luego de varios incidentes procesales, dictó una resolución a los efectos de notificar a las partes que consideraría los recursos presentados como recursos de certiorari. Concluyó que el tribunal de instancia no había dictado una "sentencia", por lo que las mociones presentadas en el foro de instancia solicitando determinaciones de hecho y de derecho adicionales no habían tenido el efecto de interrumpir los términos para acudir al tribunal apelativo. Señaló que habiéndose archivado en autos copia de la

notificación del dictamen del foro inferior a quo el 17 de septiembre de 1998, cuando las partes radicaron los recursos el 6 y el 7 de mayo de 1999, respectivamente, ya había expirado el término de 30 días que establece la ley para presentar un recurso de certiorari. Determinó que no habiéndose acreditado por las partes justa causa para la dilación, procedía denegar los recursos. Finalmente,esbozó, como fundamento adicional para denegar los recursos, que los apéndices de éstos estaban incompletos.

Inconforme con la determinación del tribunal apelativo, las codemandadas, la A.A.A y la A.E.E recurren ante nos. El 24 de marzo de 2000 le concedimos un término a la parte recurrida para que compareciera y mostrara causa por la cual no debía revocarse la resolución dictada por el Tribunal de Circuito de Apelaciones. Con el beneficio de los argumentos de las partes, estamos en posición de resolver.

**II.**

La Regla 43.1 de Procedimiento Civil define el término "sentencia", 32 L.P.R.A. Ap. III, R- 43.1, como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Reiteradamente hemos resuelto que si un tribunal dicta una resolución, pero ésta verdaderamente pone fin a todas las controversias entre las partes, la misma es una sentencia final de la cual pueda interponerse recurso de apelación. Natividad de Jesús Maldonado v. Corporación Azucarera de

<u>Puerto Rico</u>, res. el 9 de junio de 1998, 98 TSPR 84; <u>A.F.F. v. Tribunal</u>, 93 D.P.R. 903 (1967); <u>Arroyo v. Quiñones</u>, 77 D.P.R. 513 (1954).

En <u>Rodríguez v. Tribunal Municipal</u>, 74 D.P.R. 656, 664 (1953) explicamos así la diferencia entre una resolución y una sentencia:

> No es muy difícil concluir que existe una diferencia conceptual categórica entre una 'resolución' y una 'sentencia'. Ninguna de la dos constituyen un término genérico dentro del cual pueda entenderse comprendida la otra específicamente. **Una resolución pone fin a un incidente dentro del proceso judicial, mientras una sentencia pone fin a la controversia entre las partes mediante una adjudicación final...** *Id*.(Énfasis Nuestro).

Ahora bien, la labor de clasificar un dictamen como resolución o sentencia resulta un tanto más complejo en aquellos casos que entrañan reclamaciones o partes múltiples. A veces dentro de un procedimiento de esta naturaleza se hace innecesario esperar a resolver todas las reclamaciones y el tribunal puede dictar sentencia sobre una u otra de las reclamaciones sin necesidad a esperar a que esté en condiciones de dictar sentencia sobre todas las reclamaciones. Hernández Colón, <u>Derecho Procesal Civil</u>, 1996, pág. 282. La Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap.III, R-43.5, establece el mecanismo procesal que tienen a su disposición los tribunales en este tipo de caso para dictar sentencia. La referida regla establece en lo pertinente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, **el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que se ordene expresamente que se registre sentencia.**(Énfasis Nuestro).

De manera que, es aplicable la referida Regla 43.5 cuando en un pleito de múltiples reclamaciones o múltiples partes la sentencia parcial que se dicta adjudica menos del total de las reclamaciones o de los derechos u obligaciones de menos de la totalidad de las partes. Es decir, esta regla permite darle finalidad a una sentencia parcial que únicamente resuelva los derechos de una de las partes en un pleito. Camaleglo v. Dorado Wings, 118 D.P.R. 20 (1986). En términos de recta metodología y adjudicación, los tribunales deben denominar ese tipo de decisión como "Sentencia Parcial Final".

Resulta pertinente aclarar que la Regla 43.5 **no** es de aplicación cuando un tribunal fracciona los elementos básicos de negligencia y daños. Esto en vista de que al disponer del primer aspecto, la negligencia, no se resuelve finalmente la cuestión litigiosa de la cual pueda apelarse. Dicho dictamen es de carácter interlocutorio. La sentencia no puede ser final por no ser aún ejecutable. Díaz v. Navieras de P.R., 118 D.P.R. 297 (1987).

Una vez se determina que es de aplicación la Regla 43.5, para que se entienda que el tribunal ha dictado una sentencia parcial final éste debe: (a) concluir expresamente que no existe razón para posponer dictar sentencia sobre la reclamación y (b) ordenar expresamente que se registre la sentencia. Torres Capeles v. Rivera Alejandro (1997). Asoc. de Propietarios v. Santa Bárbara, 112 D.P.R. 33 (1982).

Una vez se satisfacen los requisitos anteriormente mencionados y se registra y archiva en autos copia de la notificación, para todos los efectos estamos ante una sentencia parcial final y comenzarán a correr los términos dispuestos en la Reglas de Procedimiento Civil para las mociones y recursos post-sentencia. Torres Capeles v. Rivera Alejandro, supra; Asoc. de Propietarios v. Santa Bárbara, supra. Así por ejemplo, se podrá presentar, a tenor con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A Ap.III, R. 43.3, moción solicitando determinaciones de hecho y conclusiones de derecho adicionales.

### III.

La Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap.III, R-43.3, autoriza a solicitar determinaciones de hechos y conclusiones de derecho, diez (10) días después de archivada en autos copia de la notificación de una sentencia. Dicha moción se presenta para que el tribunal que dictó la sentencia la corrija mediante enmiendas formulando determinaciones de hecho (a base de la prueba presentada en

el juicio) o conclusiones de derecho pertinentes al fallo. Hernández Colón, supra, pág. 314.

La oportuna presentación de una moción al amparo de la antes mencionada regla, interrumpe los términos para presentar una solicitud de reconsideración o de nuevo juicio y para apelar o solicitar revisión. Los términos así interrumpidos comienzan a correr nuevamente a partir del archivo en autos de la notificación de las determinaciones y conclusiones solicitadas. Véase: Regla 43.4 y 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R 43.4 y 53.1, respectivamente.

Es preciso destacar que la moción solicitando determinaciones de hechos adicionales, presentada al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, tiene únicamente efecto interruptor del término para revisar **sentencias**. **No** interrumpe el término para revisar **resoluciones**. ⎯⫟Véase De Jesús v. Corp. Azucarera, res. el 29 de junio de 1998, 98 TSPR 94, 143 D.P.R.___ (1998); Andino v. Topeka, res. el 10 de abril de 1997, 142 D.P.R.___ (1997). Así por ejemplo, dicha moción no interrumpe el término para solicitar la revisión de una resolución interlocutoria, como lo sería aquella que emite un tribunal en una acción de daños y perjuicios en virtud de la cual únicamente se adjudica el aspecto de la negligencia, más no determina nada en lo referente al aspecto de los daños. Como hemos señalado, este tipo de dictamen es interlocutorio y

por tanto contra él no procede el recurso de apelación, sino el de certiorari. Véase Díaz v. Navieras de P.R., 118 D.P.R. 297 (1987).

## IV.

En el caso de autos, en primer lugar, debemos clasificar el dictamen emitido por el tribunal de instancia como una sentencia parcial final o una sentencia parcial. De determinarse que estamos ante una sentencia parcial final, se entenderá que ésta dio lugar a una apelación, cuyo término quedó interrumpido por la oportuna presentación de las mociones de determinaciones de hechos y conclusiones de derecho adicionales. Por el contrario, de concluirse que el dictamen es una sentencia parcial, es decir, una resolución interlocutoria, ésta daría lugar a un recurso de certiorari y la moción de determinaciones de hecho y conclusiones de derecho adicionales no interrumpió el término para radicar el mencionado recurso. Veamos.

En el caso de marras el Tribunal de Primera Instancia en su dictamen: (1) declaró con lugar todas las acciones de daños y perjuicios presentadas por entender que las codemandadas habían sido negligentes; (2) condenó a las codemandadas a pagar a **U.S. Fire Insurance Co**. el valor material del helicóptero que resultó en pérdida total, el cual fue estipulado por las partes; (3) estableció que se dilucidaría más adelante lo referente a los daños sufridos por los restantes demandantes y (4) señaló expresamente que

no existía razón para posponer dictar sentencia sobre la reclamación de U.S. Fire Insurance Co. y ordenó que se registrara la sentencia.

La complejidad en el caso de marras surge porque el Tribunal de Primera Instancia en un mismo dictamen dictó una sentencia final y una sentencia parcial final o resolución interlocutoria. Así pues, respecto a la demandante U.S. Fire Insurance Co., dictó una sentencia parcial final ya que puso fin a la cuestión litigiosa por haber resuelto tanto el aspecto de negligencia, como el de los daños. Dicha sentencia adquirió finalidad en vista de que concurrieron los requisitos aplicables a los casos de reclamaciones múltiples, a saber: (1)el tribunal expresamente señaló que no había razón para que se pospusiera dictar sentencia y (2) ordenó el archivo en autos y el registro de la sentencia.

Sin embargo, respecto a los restantes demandantes, el foro a quo dictó una sentencia parcial, la cual tiene carácter interlocutorio. Esto es así ya que el tribunal fraccionó los elementos de negligencia y daños, y dispuso del primer aspecto únicamente y no resolvió finalmente la cuestión litigiosa entre las partes por faltar de dilucidar aún el aspecto de los daños.

Con este trasfondo en mente, nos resta solamente considerar si las codemandadas en los recursos presentados ante el Tribunal de Circuito de Apelaciones estaban

solicitando la revisión de la sentencia parcial final o de la sentencia parcial.

Una lectura de los recursos consolidados presentados ante el Tribunal de Circuito de Apelaciones revela que éstos se centran en impugnar la determinación de negligencia hecha por el foro a quo. Esta observación no es concluyente en lo referente a si lo que se estaba impugnando era la sentencia parcial final o la parcial, y si el recurso presentado era uno de apelación o de certiorari, en vista de que en ambos supuestos procedía cuestionar dicha determinación. Sin embargo, en los recursos las codemandadas no se limitaron exclusivamente a cuestionar la determinación de negligencia, sino que también hicieron referencia y cuestionaron los términos de la póliza expedida por la demandante U.S. Fire Insurance Co.[1] Es evidente que este aspecto las codemandadas no lo hubiesen podido levantar si hubiesen estado cuestionando la sentencia parcial porque la misma no atendía lo referente a dicha parte demandante en particular.

De manera que, las codemandadas en los recursos presentados ante el Tribunal de Circuito de Apelaciones estaban cuestionando la sentencia parcial final emitida a favor de U.S. Fire Insurance Co. No serviría a los propósitos de la justicia y de la economía procesal concluir que a pesar de haber una sentencia final, las partes adversamente afectadas no tenían a su disposición los

---

[1] Véanse Apéndices V y VI de recurso de certiorari.

mecanismos post-sentencia que reconocen las Reglas de Procedimiento Civil.

El Tribunal de Instancia archivó en autos copia de la notificación de la sentencia parcial final el 17 de septiembre de 1998. Las demandadas, la A.A.A. y la A.E.E., oportunamente presentaron sendas mociones solicitando determinaciones de hecho y conclusiones de derecho adicionales. El tribunal de instancia emitió una resolución, la cual fue archivada en autos el 7 de abril de 1999, en virtud de la cual declaró no ha lugar las referidas mociones. La A.A.A. y la A.E.E, presentaron los recursos de apelación el 6 y el 7 de mayo de 1999, respectivamente, es decir, los recursos fueron presentados dentro del término de 30 días que establece la ley.

Por lo tanto, el Tribunal de Circuito actuó incorrectamente al acoger los recursos de apelación como recursos de certiorari y denegarlos por haber sido radicados fuera del término estatutario. Concluimos que la oportuna presentación de la moción solicitando determinaciones de hechos y conclusiones de derecho adicionales tuvo el efecto de interrumpir el término para acudir en apelación al Tribunal de Circuito. A tenor con la Regla 43.3 de Procedimiento Civil una vez se radica este tipo de moción, quedan interrumpidos para todas las partes los términos que

reconoce nuestro ordenamiento para interponer recursos de revisión.[2]

Por las razones que anteceden, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve a dicho foro para que considere los recursos presentados por las codemandadas como recursos de apelación.

Se dictará la Sentencia correspondiente.

---

[2] El texto de la Regla 43. 3 de Procedimiento Civil dispone: "Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes. Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

U.S. Fire Insurance Co.

    Demandante-Peticionario

       Vs.                              CC-2000-150      Certiorari

Autoridad de Energía Eléctrica
y otros

    Demandados-Recurridos

SENTENCIA

San Juan, Puerto Rico, a 13 de septiembre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede la cual se hace formar parte integrante de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve a dicho foro para que considere los recursos presentados por las codemandadas como recursos de apelación.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Asociado señor Rivera Pérez no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo