CC-2000-368                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María Rosario Bermúdez, et al.<br>    Demandantes<br><br>       v.<br><br>Hospital General Menonita, Inc., et al.<br>   Peticionario<br><br>       v.<br><br>Dr. Héctor Santos Rivera, et al.<br>   Demandados de Coparte-<br>   Recurridos-Terceros Ddos. | Certiorari<br><br>2001 TSPR 121<br><br>154 DPR \_\_\_\_ |

Número del Caso: CC-2000-368


Fecha: 28/agosto/2001


Tribunal de Circuito de Apelaciones:
                        Circuito Regional VI


Juez Ponente:
                        Hon. Carmen Ana Pesante Martínez



Abogado de la Parte Peticionaria:
                        Lcdo. José R. Martínez Ramos

Abogada del Dr. José L. Ortiz Cruz:
                        Lcda. Gilda del C. Cruz Martinó

Abogado del Dr. Héctor Santos Rivera:
                        Lcdo. Anselmo Irizarry Irizarry

Abogado del Dr. Carlos Vergara:
                        Bufete Vivas & Vivas


Materia: Daños y Perjuicios


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María Rosario Bermúdez, *et al.*

     Demandantes

        v.

Hospital General Menonita,
Inc., *et al.*

                            CC-2000-368      Certiorari

     Peticionario

        v.

Dr. Héctor Santos Rivera, *et al.*

     Demandados    de    Coparte   –
     Recurridos-Terceros Ddos.

Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO


San Juan, Puerto Rico, a 28 de agosto de 2001.

En el presente caso, el Hospital General Menonita, Inc. (Hospital) acude ante nos impugnando una sentencia del Tribunal de Circuito de Apelaciones (TCA) que confirmó la dictada por el Tribunal de Primera Instancia (TPI) desestimando una demanda contra coparte contra el Dr. Héctor Santos Rivera (Dr. Santos) y el Dr. José L. Ortiz Cruz (Dr. Ortiz). Por carecer de jurisdicción, no entramos a evaluar la juridicidad y corrección de los argumentos esgrimidos por el Hospital.

Tras serle practicada una intervención quirúrgica debido al fuerte dolor abdominal que sufría, el señor Aramis Cruz Castro (Sr. Cruz) desarrolló el síndrome de disfunción múltiple de órganos, muriendo –el 30 de mayo de 1994– a causa de un fallo respiratorio y peritonitis secundaria a perforación intestinal. A raíz de ello, el 16 de febrero de 1995, los demandantes[1] incoaron una acción en daños y perjuicios contra el Hospital y el Dr. Carlos Vergara (Dr. Vergara), la sociedad legal de bienes gananciales compuesta por éste y su esposa, y sus respectivas aseguradoras. Adujeron, en síntesis, que el Sr. Cruz falleció debido a la negligencia en el tratamiento médico provisto por los demandados.

Así las cosas, el 6 de junio de 1995, el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa contestaron la demanda; mientras que el Hospital hizo lo propio el 25 de octubre de 1995.

El 5 de febrero de 1996 el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa instaron demanda contra terceros contra el Dr. Ortiz y el Dr. Santos, sus respectivas esposas, las sociedades legales de bienes gananciales compuestas por los primeros y las segundas, y Seguros Triple S, aseguradora de ambos.[2] Posteriormente, el 20 de febrero de 1996, enmendaron la demanda contra terceros a los fines de incluir a la Dra. Eurgilia O. Ovalles (Dra. Ovalles), la sociedad legal de bienes gananciales compuesta por ésta y su esposo, y su compañía aseguradora.

Luego de casi tres (3) meses, el 19 de abril de 1996, los terceros codemandados Dr. Santos –por sí y representando a la sociedad legal de bienes gananciales– y Seguros Triple S –por la póliza suscrita a favor del primero– contestaron la demanda contra tercero y, a su vez, reconvinieron contra el

---

[1] Éstos son María Rosario Bermúdez, su viuda; Aramis Omar, María Margarita y Mayra Michelle –todos de apellidos Cruz Rosario–, sus hijos; Eva Castro González, su madre; y Ezequiel, Carmen, Miguel, Gamaliel, Elizabeth y Luz Mercado –todos de apellidos Cruz Castro–, sus hermanos.

[2] El 29 de febrero de 1996 el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron *Moción Solicitando Desistimiento Voluntario con Perjuicio* informando que, tras emplazar a Seguros Triple S, se enteraron que ésta no tenía póliza de seguros a favor del Dr. Ortiz. Así pues, el 11 de marzo de 1996, el TPI dictó sentencia parcial desestimando la demanda contra tercero contra Seguros Triple S.

Dr. Vergara y su esposa. El 23 de abril de 1996 el Dr. Ortiz, su esposa y la sociedad legal de bienes gananciales por ellos compuesta contestaron la demanda contra tercero incoada en su contra. Así también, el 2 de mayo de 1996, la Dra. Ovalles –por sí y en representación de la sociedad legal de bienes gananciales– contestó la demanda contra tercero y, al mismo tiempo, reconvino contra el Dr. Vergara, la sociedad legal de bienes gananciales compuesta por él y su esposa, y su compañía de seguros.

El 10 de mayo de 1996 el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa replicaron tanto a la reconvención del Dr. Santos como a la de la Dra. Ovalles. Por otra parte, el 13 de mayo de 1996, Seguros Triple S, como aseguradora de la Dra. Ovalles, contestó la demanda contra terceros y, además, reconvino.

Tiempo después, la Dra. Ovalles –por sí y representando la sociedad legal de bienes gananciales– y Seguros Triple S sometieron *Moción Solicitando Sentencia Sumaria*. Así pues, transcurrido un período sin que el Dr. Vergara se opusiera, el 8 de octubre de 1996, el TPI dictó sentencia sumaria parcial declarando con lugar dicha moción y desestimando la demanda contra terceros. Posteriormente, el 8 de noviembre de 1996, el TPI, a solicitud de los promoventes, emitió sentencia sumaria parcial enmendada con el propósito de cumplir con los requisitos de la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.[3]

El 22 de noviembre de 1996 el Dr. Carlos Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron *Moción de Desistimiento con Perjuicio* solicitando la desestimación de la demanda por

---

[3] Dicho documento lee como sigue:

### SENTENCIA SUMARIA PARCIAL ENMENDADA

Vista la moción de sentencia sumaria presentada por los terceros demandados el día 23 de agosto de 1996, se declara ha lugar.

El tercero demandante Dr. Carlos Vergara no replicó a la misma a pesar de que se le notificó el 20 de agosto de 1996, según certifica la parte promovente.

continúa...

[3] ...continuación

"El no radicar [sic] una parte contestación a una solicitud de sentencia sumaria, de por si [sic] es suficiente para dictar sentencia contra dicha parte" 100 D.P.R. 259.

Considerando el silencio del tercero demandante como conformidad a que se conceda lo solicitado, y no existiendo razón alguna para posponerla hasta la resolución total de este pleito, según lo dispone la Regla 43.5 de las de Procedimiento Civil vigentes, se dicta sentencia a favor de la parte promovente y en su consecuencia se desestima la demanda contra terceros.

ellos incoada contra el Dr. Ortiz, su esposa y la sociedad legal de bienes gananciales compuesta por ambos.

El 3 de diciembre de 1996 el Hospital instó demanda contra coparte contra el Dr. Vergara, el Dr. Santos, el Dr. Ortiz, y las respectivas sociedades legales de bienes gananciales. En vista de ello, el 12 de diciembre de 1996, el Dr. Ortiz, su esposa y la sociedad legal de bienes gananciales contestaron la demanda contra coparte. De igual forma, el 16 de diciembre de 1996, el Dr. Carlos Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa hicieron lo propio. Ese mismo día, la esposa del Dr. Santos –por sí y en representación de la sociedad legal de bienes gananciales– contestó la demanda y, a su vez, reconvino.[4] Posteriormente, el 21 de enero de 1997, el Hospital replicó la reconvención interpuesta.

Luego de varios trámites procesales y la celebración del juicio en su fondo, el TPI dictó sentencia el 16 de diciembre de 1997, archivada en autos copia de su notificación el 18 de diciembre de 1997. En lo pertinente, declaró con lugar la demanda incoada por los demandantes contra el Dr. Vergara y el Hospital;[5] desestimó –bajo la Regla 39.2(c) de Procedimiento Civil, *supra*,[6]

---

Regístrese y Notifíquese.

[4] Resulta interesante señalar que en dicha reconvención la esposa del Dr. Santos incluyó también al Dr. Vergara.

[5] El TPI otorgó las siguientes cantidades:

1.  $150,000.00 por los daños físicos y las angustias mentales sufridos por el Sr. Cruz, suma que heredan sus hijos y su viuda, esta última en su cuota viudal;
2.  $150,000.00 a su viuda;
3.  $125,000.00 a cada uno de sus hijos;
4.  $50,000.00 a su madre;
5.  $15,000.00 a cada uno de sus hermanos;
6.  $203,560.00 por el lucro cesante;
7.  $1,500.00 por los gastos del sepelio;
8.  $10,000.00 de honorarios de abogados a favor de los demandantes;
9.  $10,000.00 de honorarios de abogados a favor de los Dres. Ortiz y Santos y sus respectivas aseguradoras;
10. costas y gastos.
11.

[6] Dicha regla, en lo pertinente, dispone que:

[d]espués que el demandante haya terminado la presentención [sic] de su prueba, el demandado, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada sin lugar, podrá solicitar la desestimación, fundándose en que bajo los hechos

la demanda contra coparte presentada por el Hospital contra el Dr. Ortiz y su compañía de seguros. Desestimó, además, las demandadas contra el Dr. Santos y su aseguradora entablada por el Dr. Vergara (demanda contra tercero) y por el Hospital (demanda contra coparte).

Así las cosas, el 29 de diciembre de 1997 el Hospital presentó *Moción Solicitando Determinaciones Adicionales de Hechos*,[7] la cual el TPI denegó, mediante resolución de 8 de enero, notificada el 9 de enero y puesta en el correo el 13 de enero de 1998. El 20 de enero de 1998 el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron *Moción de Reconsideración*, posteriormente denegada por el TPI.

Inconforme, el 6 de febrero de 1998, el Hospital acudió, vía apelación, ante el TCA solicitando la revocación de la referida sentencia. Por otra parte, el 9 de febrero de 1998 el Dr. Vergara hizo lo propio.

En el ínterin, luego de varios trámites procesales relacionados con el perfeccionamiento de su recurso, el Hospital y los demandantes transigieron las reclamaciones por la suma de $850,000.00. Sobre el particular, cabe señalar que el 12 de enero de 1999 el TPI emitió una resolución impartiéndole su aprobación a la transacción, lo cual era necesario puesto había una menor envuelta.[8]

El TCA, mediante sentencia de 16 de febrero y archivada en autos el 24 de febrero de 2000, confirmó la sentencia recurrida en su totalidad. Oportunamente, el Hospital solicitó reconsideración, la cual el foro apelativo intermedio denegó mediante resolución de 14 de marzo de 2000, notificada el 24 de marzo de 2000.

---

hasta ese momento probados y la ley, el demandante no tiene derecho a la concesión de remedio alguno.

continúa...

[6] ...continuación

El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada.

[7] El 28 de diciembre de 1997 era domingo.
[8] A la menor Mayra Michelle Cruz Rosario le corresponde la cantidad de $175,000.00, de la cual el 25% le fue asignado a su abogado en concepto de honorarios de abogado, según aprobado por el TPI.

De dicha sentencia, el 24 de abril de 2000,[9] el Hospital recurre ante nos, vía *certiorari*, imputándole al TCA la comisión de los siguientes errores:

A.  Incidió el Tribunal de Apelaciones al confirmar la decisión de instancia que desestimó las reclamaciones del Hospital en contra del Dr. Santos y el Dr. Ortiz.

B.  Incidió el Tribunal de Apelaciones al confirmar la desición [sic] de instancia imponiendole [sic] honorarios de abogado al Hospital a través del Dr. Santos y del Dr. Ortiz.

Mediante resolución de 29 de septiembre de 2000 expedimos el recurso. No obstante, debemos atender en primer lugar la *Solicitud de Desestimación* que presentó el Dr. Ortiz, en la que cuestiona la jurisdicción de este Tribunal.

---

[9] Debido a que el 23 de abril de 2000 era domingo, el término para presentar el recurso apropiado se extendió hasta el lunes 24 de abril de 2000.

El Dr. Ortiz, en síntesis, sostiene que procede la desestimación del recurso ya que, como el Hospital, peticionario ante nos, no notificó su escrito de *certiorari* a los demandantes, carecemos de jurisdicción. Funda su contención en que, pese a la transacción habida entre el peticionario y los demandantes, éstos continuaban siendo partes ya que ninguno de los tribunales inferiores dictó sentencia o resolución alguna disponiendo que quedarían fuera del pleito. Le asiste la razón. Veamos.

La Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III (Supl. 2000) dispone:

> [c]uando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples [,] el tribunal podrá dictar sentencia fmal [sic] en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones **o partes** hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.

> Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que [a] ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

> *En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, ni [sic] importa cómo se denomine, que adjudique menos del total de las reclamaciones* **o los derechos y obligaciones de menos del total de las partes,** *no terminará el pleito con respecto a ninguna de las reclamaciones* **o partes** *y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones* **y los derechos y obligaciones de las partes**. (Bastardillas, énfasis y subrayado nuestros.)[10]

Conforme a lo anterior, un tribunal posee –dentro de un pleito que incluye múltiples reclamaciones o varias partes– la facultad para emitir una sentencia final sin disponer de –o adjudicar– la totalidad del caso. Para ello, es menester que el tribunal expresamente: (1) concluya que no existe

---

[10] Resulta necesario puntualizar que la cita textual de la referida regla incluye una enmienda con posterioridad a los hechos del caso de autos. Ello porque el Legislador aprobó la Ley Núm. 338 de 10 de diciembre de 1999 enmendando tal regla con el solo propósito de incorporar nuestros pronunciamientos en *Asociación de Propietarios v. Santa Bárbara Co.*, 112 D.P.R. 33 (1982). (Palabras

razón para postergar dictar sentencia sobre la reclamación o la parte; y (2) ordene el registro de la sentencia. *Medio Mundo, Inc. v. Amparo y otros*, res. el 8 de junio de 2001, 2000 TSPR 85, 154 D.P.R. ___ (2001), 2001 JTS 88; pág. 1387; *Ramos de Szendrey y otros v. Colón Figueroa y otros*, res. el 6 de marzo de 2001, 2001 TSPR 29, 153 D.P.R. ___ (2001), 2001 JTS 33, pág. 958; *U.S. Fire Ins. v. A.E.E.*, res. el 13 de septiembre de 2000, 2000 TSPR 133, 151 D.P.R. ___ (2000), 2000 JTS 146, pág. 92.

Así pues, tratándose de una sentencia final –aunque parcial–, tan pronto es archivada en autos copia de su notificación, comienzan su decurso los términos preceptuados en las Reglas de Procedimiento Civil, *supra*, para la presentación de mociones y recursos post-sentencia. *Medio Mundo, Inc. v. Amparo y otros*, supra, pág. 1388; *U.S. Fire Ins. v. A.E.E.*, supra. Véase, *Ramos de Szendrey y otros v. Colón Figueroa y otros*, supra; *Juliá Padró, et al. v. Epifanio Vidal y otros*, res. el 14 de febrero de 2001, 2001 TSPR 15, 153 D.P.R. ___ (2001), 2001 JTS 18, págs. 845-846.

Por el contrario, del tribunal no cumplir ambos requisitos –concluir explícitamente que no hay razón por la cual posponer dictar sentencia sobre la reclamación o la parte y ordenar expresamente el archivo de la sentencia–, el dictamen emitido constituye una resolución interlocutoria. *Ramos de Szendrey y otros v. Colón Figueroa y otros*, supra; *U.S. Fire Ins. v. A.E.E.*, supra, pág. 93; *Asociación de Propietarios v. Santa Bárbara Co.*, supra, pág. 42. Siendo una resolución interlocutoria –de conformidad con el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k(f) (Supl. 2000); la Regla 53.1(e)(1) de Procedimiento Civil, *supra*; y la Regla 32(D) del Reglamento del TCA, 4 L.P.R.A. Ap. XXII-A– la misma es revisable por el TCA, mediante recurso de *certiorari* presentado dentro del término de cumplimiento estricto de treinta (30) días. Véase, *U.S. Fire Ins. v. A.E.E.*, supra. Puesto que no se trata de una sentencia final, la presentación de una moción de determinaciones de hechos adicionales, Regla 43.3 de Procedimiento Civil, *supra*, no tiene efecto interruptor alguno en

---

en negrita.). Véase, Exposición de Motivos de la Ley Núm. 338 de 10 de diciembre de 1999.

el plazo para acudir en alzada. *U.S. Fire Ins. v. A.E.E.*, supra; *De Jesús v. Corp. Azucarera de P.R.*, res. el 29 de junio de 1998, 98 TSPR 84, 145 D.P.R. ___ (1998), 98 JTS 86, pág. 1261.

Sobre el particular, cabe señalar que tanto el término para acudir en alzada de una resolución interlocutoria como de una sentencia final no comienza a transcurrir si el tribunal deja de notificar dicho dictamen a alguna de las partes. *Medio Mundo, Inc. v. Amparo y otros*, supra; *Rodríguez Mora v. García Lloréns*, res. el 17 de diciembre de 1998, 98 TSPR 169, 147 D.P.R. ___ (1998), 98 JTS 152, pág. 354.

Valga aclarar "que una parte en un pleito 'cesa' como tal y 'sale' del mismo" cuando el tribunal dicta una sentencia final y ésta adviene firme; mientras ello no ocurra dicha parte continuará en el pleito principal. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 653 (1987). Esto implica que si el tribunal no observa los requisitos esbozados por la Regla 43.5 de Procedimiento Civil, *supra*, al emitir un dictamen disponiendo sobre una parte en un procedimiento que envuelve múltiples partes, dicha parte seguirá siendo parte de pleito.

### III

En el caso de autos, el 8 de noviembre de 1996, el TPI dictó sentencia sumaria parcial disponiendo de la demanda contra terceros presentada por el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa contra la Dra. Ovalles, la sociedad legal de bienes gananciales compuesta por ésta y su esposo, y su compañía de seguros. Puesto que dicho dictamen cumplió con los requisitos de la Regla 43.5 de Procedimiento Civil, *supra*, tal reclamación quedó desestimada. No obstante, advertimos que la reconvención entablada por los últimos contra los primeros continuó vigente. Véase, *O. Parés, Inc. v. Galán*, 98 D.P.R. 772 (1970). En vista de ello, la Dra. Ovalles, la sociedad legal de bienes gananciales compuesta por ella y su esposo, y su aseguradora continuaban siendo partes en el pleito.

Así las cosas, el 16 de diciembre de 1997, el TPI emitió un dictamen disponiendo de múltiples reclamaciones habidas en el pleito. Aparentemente, dicho foro entendió que dictó una sentencia final adjudicando todas las

reclamaciones pendientes y todos los derechos y obligaciones de las partes. Erró. Veamos.

En su dictamen, el TPI declaró con lugar la demanda principal y desestimó otras, a saber: (1) la demanda contra coparte presentada por el Hospital contra el Dr. Ortiz y su aseguradora; (2) la demanda contra coparte incoada por el Hospital contra el Dr. Santos y su aseguradora; y (3) la demanda contra tercero entablada por el Dr. Vergara contra el Dr. Santos y su aseguradora. Sin embargo, el TPI no se percató que continuaban vigentes la demanda contra coparte instada por el Hospital contra el Dr. Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa; la reconvención iniciada por el Dr. Santos –por sí y en representación de la sociedad legal de bienes gananciales compuesta por él y su esposa– y Seguros Triple S contra el Dr. Vergara y su esposa; la reconvención presentada por la esposa del Dr. Santos –por sí y en representación de la sociedad legal de bienes gananciales– contra el Hospital; la reconvención incoada por la Dra. Ovalles, la sociedad legal de bienes gananciales compuesta por ella y su esposo, y su aseguradora contra el Dr. Vergara, la sociedad legal de bienes gananciales compuesta por él y su esposa, y su compañía de seguros. De otro lado, el TPI no advirtió que en algunas de las reclamaciones desestimadas había más de una parte, a manera de ejemplo, la sociedad legal de bienes gananciales. En vista de ello, el dictamen emitido por el TPI constituía una resolución interlocutoria revisable por el TCA, mediante la interposición de un recurso de *certiorari* dentro del plazo dispuesto.

Así pues, la Dra. Ovalles, la sociedad legal de gananciales compuesta por ésta y su esposo continuaban siendo partes en el pleito. No obstante, el TPI entendió, aparentemente, que éstos no eran partes y no les notificó la referida resolución, teniendo como efecto que los recursos presentados ante el TCA fueran prematuros.[11] Ello, a nuestro juicio, creó confusión entre

---

[11] "[E]n el ámbito procesal, una apelación o recurso prematuro es aquel [sic] presentado en la Secretaría de un

continúa...

11 ...continuación

los abogados puesto que ni el Dr. Vergara ni el Hospital notificaron sus respectivos escritos a dichas partes, en abierta contravención a la Regla 33(B) del Reglamento del TCA, 4 L.P.R.A. Ap. XXII-A (Supl. 2000).[12] El TCA debió desestimar los recursos por falta de jurisdicción. Erró al no hacerlo así.

Luego de que el TCA entrara en los méritos del recurso y emitiera un dictamen, el Hospital, oportunamente, recurrió ante nos. Sin embargo, el Hospital arrastró el mismo error -la falta de notificación a la Dra. Ovalles y las partes relacionadas- y, además, no le notificó a los demandantes. Éstos, pese a transigir el pleito, continuaban siendo partes ya que el TPI no había dictado una sentencia final. Sobre el particular, la Regla 20(d) de nuestro Reglamento requiere que el peticionario notifique su recurso de *certiorari* "a todas las demás partes en la forma prescrita en la Regla 39 de este apéndice." 4 L.P.R.A. Ap. XXI-A. Dicha regla, en lo pertinente, establece que tal notificación tiene que hacerse dentro del plazo jurisdiccional o de cumplimiento estricto, según el caso. En vista de que el Hospital no notificó su recurso a dichas partes, carecemos de jurisdicción para entrar en los méritos del caso.

Por los fundamentos antes expuestos, se dicta sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones el 16 de febrero de 2000, por carecer dicho foro de jurisdicción y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Guayama, para que conforme a lo aquí dispuesto adjudique mediante sentencia todas las reclamaciones, los derechos y obligaciones de todas las partes en el pleito.

Se dictará sentencia de conformidad.

---

Tribunal apelativo antes de que éste tenga jurisdicción" *Pueblo v. Santana Rodríguez*, res. el 25 de mayo de 1999, 99 TSPR 81, 148 D.P.R. ___ (1999), 99 JTS 86, pág. 1072.

[12] Dicha regla, en lo pertinente, dispone que el peticionario "notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al Procurador General y al Fiscal de Distrito en los casos criminales, dentro del término jurisdiccional o de cumplimiento estricto...." 4 L.P.R.A. Ap. XXII-A (Supl. 2000). Hacemos referencia a la regla correspondiente al recurso de *certiorari* porque éste era el apropiado, tratándose de una resolución interlocutoria.

BALTASAR CORRADA DEL RÍO
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María Rosario Bermúdez, *et al.*

    Demandantes

        v.

Hospital General Menonita,
Inc., *et al.*

                         CC-2000-368        Certiorari

    Peticionario

        v.

Dr. Héctor Santos Rivera, *et al.*

    Demandados de Coparte –
    Recurridos-Terceros Ddos.


SENTENCIA


San Juan, Puerto Rico, a 28 de agosto de 2001.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones el 16 de febrero de 2000, por carecer dicho foro de jurisdicción y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Guayama, para que conforme a lo aquí dispuesto adjudique mediante sentencia todas las reclamaciones, los derechos y obligaciones de todas las partes en el pleito.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron. La Juez Asociada señora Naveira de Rodón está inhibida.


                        Isabel Llompart Zeno
                 Secretaria del Tribunal Supremo