CC-99-273                                                             1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Medio Mundo, Inc.<br>    Recurrido<br><br>            v.<br><br>Amparo Rivera t/c/p Amparo<br>Reyes, Manuel Sabat Rivera y<br>Carmen Gloria Sabat Rivera<br>    Peticionarios | Certiorari<br><br>2001 TSPR 85 |

Número del Caso: CC-1999-273

Fecha: 8/junio/2001

Tribunal de Circuito de Apelaciones:

Circuito Regional VI

Juez Ponente:

Hon. Rafael Ortiz Carrión

Abogado de la Parte Peticionaria:

Lcdo. Carlos Mondríguez

Abogados de la Parte Recurrida:

Lcdo. Ramón E. Meléndez Castro
Lcdo. Humberto Guzmán Rodríguez
Lcda. Anabelle Rodríguez

Materia: Injunction Preliminar

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Medio Mundo, Inc.

    Recurrido

      v.

Amparo Rivera t/c/p Amparo          CC-99-273        Certiorari
Reyes, Manuel Sabat Rivera y
Carmen Gloria Sabat Rivera

    Peticionarios

Opinión del Tribunal emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 8 de junio de 2001.

Los peticionarios en el presente recurso solicitan de esta Curia la revocación de una sentencia emitida por el Tribunal de Circuito de Apelaciones desestimando el recurso presentado por éstos. Dicho foro apelativo entendió que el recurso adecuado para revisar el referido dictamen recurrido era el de certiorari, y, por lo tanto, acogió como tal el recurso de apelación presentado. Concluyó, que el referido recurso fue presentado fuera del término de cumplimiento estricto de treinta (30) días establecido por ley para los recursos de certiorari, sin aducir justa causa para dicha demora.

I

El 8 de octubre de 1993, la corporación Medio Mundo, Inc. presentó ante el Tribunal de Primera Instancia, Sala Superior de Humacao, una demanda de <u>injunction</u> preliminar y permanente, interdicto posesorio, sentencia declaratoria, impugnación de expediente de dominio y daños y perjuicios contra la señora Amparo Rivera, también conocida como Amparo Reyes,[1] el señor Manuel Sabat Rivera y la señora Carmen Gloria Sabat Rivera.[2] En la referida acción, Medio Mundo, Inc., en adelante Medio Mundo, alegó que adquirió de la Compañía de Fomento Industrial de Puerto Rico, a título de compraventa, una finca de 44.83 cuerdas, debidamente inscrita en el Registro de la Propiedad, ubicada en el Municipio de Fajardo. Arguyó que los demandados eran dueños de un predio de terreno colindante con la propiedad objeto del litigio. Alegó que estos demandados, de forma ilegal y negligente, penetraron en su propiedad y construyeron una verja que impedía el libre acceso de Medio Mundo a ésta. Adujo, además, que los demandados habían tramitado una acción de expediente de dominio,[3] en la que, mediando fraude y engaño, lograron duplicar la cabida de su finca a expensas de una porción de la propiedad de dicho ente corporativo. Medio Mundo solicitó del Tribunal de Primera Instancia que le ordenara a los demandados a restituir la posesión de la propiedad; que declarara la nulidad del expediente de dominio; y, en consecuencia, que le ordenara al Registrador de la Propiedad, Sección de Fajardo, cancelar la inscripción derivada de dicho procedimiento ex parte de expediente de dominio. Solicitó, además, que se le ordenara a los demandados, con carácter permanente, a cesar y desistir de toda obra de construcción en la finca de los demandantes, y que éstos resarcieran solidariamente los daños y perjuicios causados por las obras ilegales realizadas en la propiedad de dicha corporación.[4]

Los demandados fueron debidamente emplazados, mediante diligenciamiento personal. Las demandadas, señoras Amparo Rivera y Carmen Sabat Rivera, contestaron la demanda. En su contestación, las demandadas negaron los hechos esenciales de la demanda, alegaron que su finca no colindaba y nunca había colindado con la finca de los demandantes, y levantaron las defensas afirmativas de cosa juzgada, prescripción y persecución maliciosa por parte del presidente de la Corporación Medio Mundo, señor Daniel W. Shelly.[5] En este mismo escrito, las demandadas presentaron reconvención solicitando compensación en daños y

---

[1] Dicha codemandada falleció el 28 de julio de 1998, mientras el caso se encontraba ante la consideración del Tribunal de Circuito de Apelaciones. Ésta fue debidamente sustituida por sus herederos en el pleito. Véase Moción Informativa de 23 de octubre de 1998, según consta del expediente del Tribunal de Circuito de Apelaciones.

[2] Caso civil número HPE93-0124.

[3] Caso civil número CS(F)83-45.

[4] Apéndice XVIII del recurso de <u>Certiorari</u>, págs. 484-488.

[5] Apéndice XIX, Íd., págs. 489-493.

perjuicios por dicha persecución maliciosa, costas y honorarios de abogado.[6] El Tribunal de Primera Instancia nunca adquirió jurisdicción sobre el señor Shelly, pues éste nunca fue emplazado.[7] Por su parte, el codemandado, señor Manuel Sabat Rivera, no contestó la demanda, ni compareció ante el Tribunal de Primera Instancia.

El 28 de mayo de 1996, el Tribunal de Primera Instancia aprobó el Informe sobre Conferencia con Antelación al Juicio presentado por las partes. En el referido informe las partes estipularon que dicho Tribunal atendiera y adjudicara las causas de acción de forma separada. Se acordó atender primero la controversia sobre la titularidad de la porción de terreno en cuestión y, posteriormente, la causa de acción por daños y perjuicios.[8]

El Tribunal de Primera Instancia dictó sentencia parcial el 15 de octubre de 1997, notificada y archivada en autos el 16 de diciembre de 1997, declarando con lugar la demanda presentada por Medio Mundo. Resolvió que el predio de terreno en litigio le pertenecía a éste, y que el expediente de dominio promovido por los demandados era nulo, ya que dicho procedimiento se relacionaba con una porción de terreno que no le pertenecía a los demandados. Dicho Tribunal le ordenó al Registrador de la Propiedad, Sección de Fajardo, que rectificara la cabida de la finca descrita en el Registro, y a las partes que realizaran su deslinde de conformidad. Por último, condenó a los demandados a pagar las costas y gastos del pleito, **dictó sentencia en rebeldía contra el codemandado, señor Manuel Sabat Rivera**, y desestimó con perjuicio la reconvención interpuesta.[9]

El 26 de diciembre de 1997, la parte demandada presentó una solicitud de determinaciones de hechos y conclusiones de derecho adicionales ante el Tribunal de Primera Instancia.[10] Dicho foro dictó nuevamente sentencia el 2 de febrero de 1998, notificada y archivada en autos el 18 de febrero de 1998, la cual tituló sentencia parcial enmendada.[11] En ella aclaró que no existía razón para posponer el dictar sentencia sobre la presente controversia hasta la resolución total del pleito, por lo que ordenó su registro conforme a lo dispuesto en la Regla 43.5 de Procedimiento Civil.[12] Esto, en respuesta a una moción

---

[6] Íd., págs. 491-492.

[7] Apéndice X del recurso de Certiorari, págs. 350-351.

[8] Apéndice XX, Íd., págs. 494-510.

[9] Apéndice X, Íd., págs. 374-375.

[10] Apéndice XI, Íd., págs. 376-385.

[11] Apéndice XII, Íd., págs. 386-413.

[12] 32 L.P.R.A. Ap. III, R. 43.5. Dicha regla dispone lo siguiente:

**Sentencias sobre reclamaciones o partes múltiples**

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá

presentada por la parte demandante el 20 de enero de 1998, para que se añadiera la certificación de finalidad que establece la susodicha regla.[13]  Dicha sentencia no varió en nada el dictamen original.

La parte demandada, por segunda ocasión, presentó el 2 de marzo de 1998 una moción solicitando determinaciones de hecho y conclusiones de derecho adicionales.[14]

**El 5 de marzo de 1998, el Tribunal de Primera Instancia notificó nuevamente las sentencias dictadas el 15 de octubre de 1997 y el 2 de febrero de 1998.[15]  Por primera vez, el codemandado, señor Manuel Sabat Rivera, fue notificado de la sentencia parcial.**  Dicho foro, mediante resolución emitida el 24 de marzo de 1998, notificada a las partes el 1 de abril de 1998, le concedió a la parte demandante un término de quince (15) días para replicar a la segunda solicitud de determinaciones de hecho y conclusiones de derecho adicionales presentada por la parte demandada.[16]  El 6 de mayo de 1998, ese Tribunal declaró no ha lugar dicha moción presentada por los demandados.  Esta resolución fue notificada a las partes el 8 de mayo de 1998.[17]

El 8 de junio de 1998, los demandados presentaron un recurso de apelación ante el Tribunal de Circuito de Apelaciones.[18]  Señalaron que erró el Tribunal de Primera Instancia

---

dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, **siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.**  (Énfasis nuestro.)

Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que a ella respecta los términos dispuestos en las Reglas 47, 48 y 53.

En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas las reclamaciones y los derechos y obligaciones de las partes.

[13] Autos del Tribunal de Primera Instancia, pág. 284.

[14] Apéndice XIII del recurso de Certiorari, págs. 414-422.

[15] Apéndice XIV, Íd., pág. 423; Apéndice XV, Íd., pág. 451.

[16] Apéndice VII, Íd., págs. 175-176.

[17] Apéndice VIII, Íd., págs. 177-178.

[18] KLAN9800672.

en la apreciación de la prueba presentada y admitida.[19]  Medio Mundo presentó el 18 de junio de 1998 una moción solicitando la desestimación de la apelación, por entender que el Tribunal de Circuito de Apelaciones carecía de jurisdicción para atender el recurso.  Alegó, que la sentencia parcial original dictada el 15 de octubre de 1997, archivada en autos copia de su notificación el 16 de diciembre de 1997, no fue final, pues no adjudicó la totalidad de las reclamaciones en el pleito, ya que la acción de daños y perjuicios permanecía sin ser adjudicada.  Por tanto, alegaba que el recurso apropiado para solicitar la revisión de dicha sentencia era el de certiorari.  Arguyó, que siendo la sentencia parcial un dictamen interlocutorio, la moción presentada solicitando determinaciones de hecho y conclusiones de derecho adicionales no había tenido un efecto interruptor para acudir en alzada, a tenor con lo dispuesto en la Regla 43.3 de Procedimiento Civil.[20]  Por tanto, según Medio Mundo, la parte demandada acudió ante el Tribunal de Circuito de Apelaciones fuera del término de cumplimiento estricto, sin que mediaran circunstancias que justificaran dicha dilación.[21]

Los demandados promoventes del recurso ante el Tribunal de Circuito de Apelaciones presentaron dos mociones en oposición a la solicitud de desestimación del recurso instado, argumentando que la consideración por el Tribunal de Primera Instancia de las solicitudes de determinaciones de hecho y conclusiones de derecho adicionales habían interrumpido el término para acudir ante el foro apelativo.[22]

---

[19] Apéndice II del recurso de Certiorari, págs. 11-41.

[20] 32 L.P.R.A. Ap. III, R. 43.3.  La mencionada regla dispone lo siguiente:

**Enmiendas o determinaciones iniciales o adicionales**

No será necesario solicitar que se consignen determinaciones de hechos a los efectos de una apelación, **pero a moción de parte, presentada a más tardar diez (10) días después de haberse archivado en autos copia de la notificación de la sentencia, el tribunal podrá hacer las determinaciones de hechos y conclusiones de derecho iniciales correspondientes, si es que éstas no se hubieren hecho por ser innecesarias,** de acuerdo a la Regla 43.2, o podrá enmendar o hacer determinaciones adicionales, y podrá enmendar la sentencia de conformidad.  La moción se podrá acumular con una moción de reconsideración o de nuevo juicio de acuerdo con las Reglas 47 y 48 respectivamente.  En todo caso, la suficiencia de la prueba para sostener las determinaciones podrá ser suscitada posteriormente aunque la parte que formule la cuestión no las haya objetado en el tribunal inferior, o no haya presentado moción para enmendarlas, o no haya solicitado sentencia.  (Énfasis nuestro.)

[21] Apéndice IV del recurso de Certiorari, págs. 298-303.

[22] Véase Oposición a Mociones de Desestimación y Oposición a Solicitud de Desestimación en el expediente del Tribunal de Circuito de Apelaciones presentadas ante ese Tribunal el 3 de julio de 1998 y el 28 de agosto de 1998, respectivamente.

El 13 de noviembre de 1998, el Tribunal de Circuito de Apelaciones emitió una sentencia acogiendo el planteamiento de la entidad corporativa demandante, allí promovida.[23] Resolvió que, a tenor con lo dispuesto en la Regla 43.1 de Procedimiento Civil,[24] la alegada sentencia a ser revisada no era una final, susceptible de ser apelada ante ese Tribunal, conforme a lo dispuesto en el Artículo 4.002(a) de la Ley de la Judicatura de 1994.[25] El Tribunal de Circuito de Apelaciones entendió que dicha sentencia era una resolución interlocutoria revisable mediante el recurso de certiorari, a tenor con lo dispuesto en el Artículo 4.002(f) de la Ley de la Judicatura de 1994,[26] y de la Regla 53.1(e)(1) de Procedimiento Civil.[27]   Concluyó, que siendo la alegada sentencia una resolución interlocutoria, la solicitud de determinaciones de hecho y conclusiones de derecho adicionales no interrumpió el término para radicar el recurso de certiorari, el cual fue presentado fuera del referido plazo de cumplimiento estricto de treinta (30) días, que comenzó a transcurrir a partir del archivo en autos de copia de su notificación.  Añadió, que dicha dilación no fue justificada, por lo que procedía la desestimación del mismo.[28]

---

[23] Apéndice I del recurso de Certiorari, págs. 1-5.

[24] 32 L.P.R.A. Ap. III, R. 43.1.  Dicha regla dispone lo siguiente:

**Sentencia; qué incluye**

**Según se usa en estas reglas, el término "sentencia" incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse.**  (Énfasis nuestro.)

El término "sentencia", cuando es dictada por un tribunal de apelación, se refiere a la determinación final de ese tribunal en cuanto a la apelación ante sí o en cuanto al recurso discrecional en el cual el tribunal de apelación ha expedido el auto solicitado.  La determinación final del tribunal de apelación cuando éste deniega discrecionalmente el auto solicitado se denomina "resolución".  La determinación final del tribunal de apelación cuando éste desestima por cualquier causa o archiva por desistimiento un recurso de apelación, se denomina "sentencia".

[25] 4 L.P.R.A. sec. 22(k)(a).

[26] 4 L.P.R.A. sec. 22(k)(f).

[27] 32 L.P.R.A. Ap. III, R. 53.1 (e)(1). Esta regla lee como sigue:

(e) *Recurso de certiorari al Tribunal de Circuito de Apelaciones.*-

(1) El recurso de *certiorari* para revisar cualquier resolución u orden del Tribunal de Primera Instancia se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden recurrida. El término aquí dispuesto es de cumplimiento estricto, prorrogable sólo cuando mediaren circunstancias especiales debidamente sustentadas en la solicitud de *certiorari*.

[28] Apéndice I del recurso de Certiorari, pág. 1.

Fue archivada en autos copia de la notificación de la referida sentencia del foro apelativo el 18 de noviembre de 1998.

Posteriormente, los demandados, promoventes ante el Tribunal de Circuito de Apelaciones, presentaron ante ese Tribunal una solicitud de reconsideración el 3 de diciembre de 1998.[29] El Tribunal de Circuito de Apelaciones emitió resolución el 23 de diciembre de 1998, archivada en autos copia de su notificación el 30 de diciembre de 1998, reconsiderando su sentencia de 13 de noviembre de 1998. Concluyó que el recurso presentado se consideraría como una apelación y un _certiorari_, al mismo tiempo, por tratarse de un dictamen que desestimó la reconvención de los demandados y de una resolución interlocutoria que decretó la nulidad del expediente de dominio promovido en el caso civil número CSF-83-45, pero que no adjudicó la reclamación de daños. Posteriormente, el 13 de enero de 1999, Medio Mundo presentó ante el Tribunal de Circuito de Apelaciones una moción de reconsideración.[30] La parte demandante, promovida ante ese Tribunal, argumentó que la escisión del recurso original no procedía en derecho. Arguyó, que tal actuación no encontraba apoyo ni en la Ley de la Judicatura de Puerto Rico de 1994,[31] ni en el Reglamento del Tribunal de Circuito de Apelaciones.[32] Medio Mundo solicitó que se reconsiderara la resolución de 23 de diciembre de 1998, y que se desestimara el recurso presentado por falta de jurisdicción. La parte demandada se opuso oportunamente.

El 3 de marzo de 1999, el foro intermedio apelativo dictó una resolución, notificada y archivada en autos el 11 de marzo de 1999, acogiendo el planteamiento esbozado por Medio Mundo.[33] Dicho Tribunal dejó sin efecto su resolución de 23 de diciembre de 1998 y reinstaló su sentencia de 13 de noviembre de 1998. Determinó que el recurso presentado por los demandados era un _certiorari_ y que el mismo fue presentado fuera del término de cumplimiento estricto, sin acreditarse justa causa para la demora.

De dicha resolución del Tribunal de Circuito de Apelaciones acuden ante nos los demandados, el señor Manuel Sabat Rivera y la señora Carmen Sabat Rivera, mediante recurso de _certiorari_ presentado el 12 de abril de 1999.

Los peticionarios alegan la comisión de los siguientes errores:

> 1. Erró el Tribunal de Circuito de Apelaciones al concluir que las mociones sobre determinaciones de hecho y conclusiones de derecho son improcedentes y por ende no interrumpen el término prescriptivo para ir en alzada cuando el Tribunal de [Primera] Instancia dicta sentencia en la que adjudica de forma final la titularidad del predio en disputa, desestima la reconvención interpuesta y deja por adjudicar la reclamación en daños y perjuicios por ser ésta una causa de acción distinta y separada que las partes acordaron bifurcar.

---

[29] Apéndice IV, _Íd._, págs. 307-314.

[30] Apéndice VII del recurso de _Certiorari_, págs. 329-338.

[31] 4 L.P.R.A. sec. 1, _et seq._

[32] 4 L.P.R.A. Ap. XXII-A.

2. Erró el Tribunal de Circuito de Apelaciones al concluir que la consignación de determinaciones de hecho y conclusiones de derecho del Tribunal sentenciador y la presentación de mociones en torno a las mismas son improcedentes en la adjudicación final de una o varias de las múltiples y diversas reclamaciones del pleito.

3. Erró el Tribunal de Circuito de Apelaciones al no reconocer que en la adjudicación de interdictos interlocutorios, como en el presente caso, la consignación de las determinaciones de hecho y conclusiones de derecho en la sentencia es obligatoria al amparo de la Regla 43.2 de las de Procedimiento Civil.

4. Erró el Tribunal de Circuito de Apelaciones al concluir que la presentación de mociones sobre determinaciones de hecho y conclusiones de derecho son improcedentes aun cuando se trata de la adjudicación interlocutoria de un interdicto preliminar y de una reconvención en la que el Tribunal de Primera Instancia consignó sus determinaciones de hecho y conclusiones de derecho.

5. Erró el Tribunal de Circuito de Apelaciones al concluir que las mociones de determinaciones de hecho y conclusiones de derecho adicionales presentadas por los peticionarios no interrumpieron el término para ir en alzada, esto no empece a que el Tribunal de Primera Instancia acogiera y adjudicara las mismas.

6. Erró el Tribunal de Circuito de Apelaciones al concluir que carecía de jurisdicción para entender en el presente caso por el recurso haber sido presentado fuera del término prescriptivo para ir en alzada.

7. Erró el Tribunal de Circuito de Apelaciones al concluir que lo emitido por el Tribunal de Primera Instancia fue una resolución susceptible a [sic] revisión judicial sólo mediante recurso de certiorari.

8. Erró el Tribunal de Circuito de Apelaciones al acoger el recurso como certiorari y concluir que no mostramos causa justificada para ir en alzada cuando de las múltiples comparecencias de los peticionarios ante dicho Tribunal surgen y se explican las múltiples razones por las cuales estos comparecieron en la fecha en que lo hicieron.

II

Procedemos a examinar los señalamientos de error que los peticionarios exponen en el caso de autos. En síntesis, se esboza fundamentalmente la comisión de dos errores por el Tribunal de Circuito de Apelaciones: (1) la determinación de que la sentencia parcial dictada por el Tribunal de Primera Instancia era una resolución interlocutoria, revisable ante el Tribunal de Circuito de Apelaciones mediante el recurso de certiorari; y (2) que las mociones de determinaciones de hechos y conclusiones de derecho adicionales presentadas ante ese Tribunal no interrumpieron el término para recurrir ante el foro apelativo intermedio.

La Regla 43.5 de Procedimiento Civil, supra, permite darle finalidad a una sentencia que termine menos de la totalidad de un pleito, siempre que se trate de un litigio que envuelva reclamaciones o partes múltiples y la sentencia parcial dictada adjudique menos del total de las reclamaciones, o de los derechos y obligaciones de menos de la totalidad

---

[33] Apéndice VII del recurso de Certiorari, págs. 315-323.

de las partes.[34]  Para darle efecto de finalidad a dicho dictamen, el referido estatuto requiere una certificación expresa del Tribunal de Primera Instancia de que no existe razón para posponer dictar sentencia hasta la resolución total del pleito. En adición, se requiere una orden expresa para que se registre dicho dictamen y se notifique a las partes en el pleito de su derecho a apelar.[35]

Esta certificación obliga a la parte perdidosa, si lo juzga procedente, a iniciar la apelación contra esa sentencia, para impedir que la misma advenga final y firme. Evita dilaciones innecesarias y logra la adjudicación pronta de los pleitos.[36]

Se está ante una sentencia final, cuando ésta resuelve el asunto en sus méritos y termina el litigio entre las partes, de forma tal que no quede pendiente nada más que la ejecución de la sentencia.[37]

Una vez se dicta una sentencia parcial a tenor con lo dispuesto en la Regla 43.5 de Procedimiento Civil, _supra_, cumpliendo con los requisitos antes mencionados, dicha sentencia se convierte en una sentencia parcial final y empiezan a transcurrir los términos dispuestos por las Reglas de Procedimiento Civil, _supra_, para los recursos post-sentencia.[38]

En el caso de marras, la sentencia parcial dictada declaró con lugar la demanda de _injunction_, se expidió sentencia declaratoria, por virtud de la cual se declaró la nulidad del expediente de dominio (caso civil número CS(F) 83-45), y se ordenó rectificar la cabida del inmueble en cuestión y realizar el deslinde correspondiente con los predios colindantes. Desestimó la demanda de reconvención y decretó su archivo con perjuicio.  Todas estos mandatos podían ser ejecutados una vez adviniera final y firme tal dictamen. La única reclamación que quedó pendiente de adjudicación fue la acción en daños y perjuicios.  Dicho dictamen parcial se emitió en un pleito de reclamaciones múltiples y contenía la certificación expresa que ordena la

---

[34] U.S. Fire Ins. Co. v. A.E.E., res. el 13 de septiembre de 2000, 2000 TSPR 133, 151 D.P.R. ___ (2000), 2000 J.T.S. 146; Cárdenas Maxán v. Rodríguez, 119 D.P.R. 642 (1987); First Fed. Savs. v. Nazario et als., 138 D.P.R. 872 (1995);  Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 26 (1986).

[35] Figueroa v. Del Rosario, res. el 23 de noviembre de 1998, 98 TSPR 158, 147 D.P.R. ___ (1998), 98 J.T.S 151; Torres Capeles v. Rivera Alejandro, 143 D.P.R. 300 (1997); Cárdenas Maxán v. Rodríguez, supra; Camaleglo v. Dorado Wings, Inc., supra; Asociación de Propietarios v. Santa Bárbara Co., 112 D.P.R. 33 (1982); Dalmau v. Quiñónez, 78 D.P.R. 551 (1955).

[36] Asociación de Propietarios v. Santa Bárbara Co., supra.

[37] Dalmau v. Quiñones, supra; First Fed. Savs. v. Nazario et als., supra. Véase, además, la Regla 43.1 de Procedimiento Civil, supra.

[38] Asociación de Propietarios v. Santa Bárbara Co., supra; Torres Capeles v. Rivera Alejandro, supra; U.S. Fire Ins. Co. v. A.E.E., supra.

Regla 43.5 de Procedimiento Civil, supra.  En consecuencia, lo emitido por

el Tribunal de Primera Instancia era una sentencia parcial final apelable

ante el Tribunal de Circuito de Apelaciones.

Siendo el dictamen emitido una sentencia parcial final, le era aplicable lo dispuesto

por las Reglas 43.3 y 53.1(g)(1) de Procedimiento Civil, supra.[39]  La oportuna presentación

de una moción solicitando determinaciones de hecho y conclusiones de derecho adicionales,

dentro del término jurisdiccional de diez (10) días después del archivo en autos de copia

de la notificación de la sentencia, a tenor con dicho estatuto procesal, interrumpe el

término para apelar ante el foro apelativo intermedio.  Los términos interrumpidos, a tenor

con dicha regla procesal, comienzan a correr nuevamente a partir del archivo en autos de

copia de la notificación de la resolución del Tribunal de Primera Instancia en relación

con dicha solicitud.[40]

Aunque en el caso de autos las demandadas promoventes del recurso ante el Tribunal

de Circuito de Apelaciones presentaron una moción solicitando determinaciones de hecho y

conclusiones de derecho adicionales en dos ocasiones, el 26 de diciembre de 1997 y el 2

de marzo de 1998, escrito que cumplía con los requisitos esbozados en Andino v. Topeka,

Inc.,[41] **del expediente surge que el codemandado señor Manuel Sabat Rivera, quien se**

---

[39] 32 L.P.R.A. Ap. III, R. 53.1(g)(1).  Dicha regla dispone lo siguiente:

(g) *Interrupción del término para apelar*– **El transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:**

**(1) En las apelaciones al Tribunal de Circuito de Apelaciones provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción;** (Énfasis nuestro.)

[40] Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 43.4.  Dicha regla establece lo siguiente:

**Radicada una moción por cualquier parte en el pleito para que el tribunal enmiende sus determinaciones o haga determinaciones iniciales o adicionales, quedarán interrumpidos los términos que establecen las Reglas 47, 48 y 53, para todas las partes.  Estos términos comenzarán a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas.** (Énfasis nuestro.)

[41] 142 D.P.R. 933 (1997).  En este caso establecimos los requisitos con que debe contar una moción solicitando determinaciones de hechos adicionales. Expresamos "que una solicitud de determinaciones de hecho adicionales debe exponer específica y particularmente los hechos que el promovente estima probados y fundarse en cuestiones sustanciales relacionadas con

**encontraba en rebeldía, no fue notificado de la sentencia parcial dictada en el referido pleito hasta el 5 de marzo de 1998, fecha en que se notificó y archivó en autos copia de la notificación de la sentencia parcial por tercera vez.**[42]

Este Tribunal ha sido enfático en que la notificación de una sentencia es un requisito esencial del debido proceso de ley.[43]  Las Reglas 46 y 65.3 de Procedimiento Civil[44]

---

determinaciones de hechos pertinentes o conclusiones de derecho materiales. El incumplimiento con esta exigencia de particularidad o especificidad acarrea que no se ha interrumpido el término para apelar la sentencia".

[42] Véase copia de los volantes de notificación en los Apéndices I y III del recurso de Certiorari, págs. 44 y 82.

[43] Martínez, Inc. v. Abijoe Realty Corp., res. el 12 de mayo de 2000, 2000 TSPR 73, 151 D.P.R. ___ (2000), 2000 J.T.S. 85; Rodríguez Mora v. García Lloréns, res. el 17 de diciembre de 1998, 98 TSPR 169, 147 D.P.R. ___ (1998), 98 J.T.S. 152.

[44] 32 L.P.R.A. Ap. III, R. 46 y R. 65.3.  Dichas reglas disponen lo siguiente:

### Regla 46. Notificación y Registro de Sentencias

Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia.  La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo.  Si la fecha de archivo en autos de copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

### 65.3. Notificación de órdenes y sentencias

(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67.  El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.

(b) El secretario notificará el archivo de una orden o sentencia a las partes en rebeldía por falta de comparecencia remitiéndoles, cuando su identidad fuere conocida, copia de la notificación a la última dirección conocida, y, si su identidad fuere desconocida o figurare con un nombre ficticio a los fines de la tramitación del pleito, publicando una copia de la notificación en un periódico de circulación general una vez por semana durante dos semanas consecutivas. La notificación se considerará hecha en la fecha de la última publicación.

(c) El secretario hará constar en la copia de la constancia de la notificación que una a los autos originales la fecha y forma en que se hizo la notificación y la persona o personas notificadas.

establecen la obligación impuesta al Secretario del Tribunal de Primera Instancia de notificar la sentencia a **todas las partes en un pleito**. En <u>Falcón Padilla v. Maldonado Quirós</u>,[45] advertimos una vez más la importancia que tiene la notificación de una sentencia a todas las partes en un pleito, independientemente de que una de éstas se encuentre en rebeldía por falta de comparecencia. Allí puntualizamos la importancia del archivo en autos de copia de su notificación, para que las partes puedan solicitar los remedios posteriores a la sentencia que tienen a su alcance. En <u>Rodríguez Mora v. García Lloréns</u>, <u>supra</u>, establecimos que cuando una sentencia no es notificada a una de las partes en el pleito, la notificación resulta defectuosa y no comienzan a correr los términos para procedimientos post-sentencia para **ninguna de las partes**. Esto incluye los términos jurisdiccionales para presentar memorando de costas, presentar reconsideración, **para solicitar determinaciones de hecho y conclusiones de derecho adicionales** y para recurrir en apelación.[46] Expresamos, además, que el error imputable a la Secretaría del Tribunal de Primera Instancia, y su subsiguiente corrección, no puede generar la anomalía de crear términos jurisdiccionales diferentes para las partes. No pueden haber varios archivos en autos de copia de la notificación de la misma sentencia con fechas distintas.[47]

Es inevitable concluir, que no es hasta el 5 de marzo de 1998, fecha en que se archivo en autos copia de la notificación de la sentencia parcial final, que comenzaron a transcurrir los términos para los procedimientos post-sentencia para todas las partes, incluyendo al señor Manuel Sabat Rivera, que hasta esa fecha no había sido notificado con copia de la misma. Por lo tanto, en el caso de marras las mociones solicitando determinaciones de hecho y conclusiones de derecho adicionales presentadas el 26 de diciembre de 1997 y el 2 de marzo de 1998, por las demandadas, señora Amparo Rivera y Carmen Gloria Sabat Rivera, son inoficiosas y no tuvieron efecto interruptor sobre el término jurisdiccional para acudir en apelación al Tribunal de Circuito de Apelaciones, por presentarse **prematuramente**. Los demandados tenían el término de treinta (30) días **de naturaleza jurisdiccional** para apelar, a partir del 5 de marzo de 1998. Ese término concluía el sábado 4 de abril de 1998, y en

---

Si la notificación se diligenciare personalmente, entonces deberá unirse a los autos la certificación del alguacil o del empleado del tribunal que hiciere la notificación, o la declaración jurada de la persona particular que acredite la diligencia.

(d) Cualquier parte podrá darse por notificada de cualquier orden, resolución o sentencia firmando en el original del documento y haciendo constar la fecha en que se ha dado por notificado.

[45] 138 D.P.R. 983 (1995). Véase también, <u>Martínez, Inc. v. Abijoe Realty Corp.</u>, <u>supra</u>.

[46] <u>Rodríguez Mora v. García Lloréns</u>, <u>supra</u>, pág. 354.

[47] Íd, pág. 354.

virtud de la Regla 68.1 de Procedimiento Civil,[48] el mismo se extendió hasta el próximo día laborable, o sea, el lunes 6 de abril de 1998.  El recurso de apelación presentado ante el Tribunal de Circuito de Apelaciones el 8 de junio de 1998 fue tardío, por lo que dicho Tribunal carecía de jurisdicción para atenderlo.

Queremos enfatizar, nuevamente, que los tribunales tienen un deber ministerial de velar por su jurisdicción, aún cuando las partes no lo hayan planteado.[49]

## III

Toda vez que un recurso se formula contra la parte dispositiva y no contra sus fundamentos,[50] procede confirmar la sentencia del Tribunal de Circuito de Apelaciones, aunque por fundamentos distintos a los utilizados por dicho Tribunal.

Se dictara sentencia de conformidad.

EFRAÍN E. RIVERA PÉREZ
Juez Asociado

---

[48] 32 L.P.R.A. Ap. III, R. 68.1.  La referida regla establece lo siguiente:

**En la computación de cualquier término prescrito o concedido por estas reglas, o por orden del tribunal o por cualquier estatuto aplicable, no se contará el día en que se realice el acto, evento o incumplimiento después del cual el término fijado empieza a correr.  El último día del término así computado se incluirá siempre que no sea sábado, domingo ni día de fiesta legal, extendiéndose entonces el plazo hasta el fin del próximo día que no sea sábado, domingo ni día legalmente feriado.  Cuando el plazo prescrito o concedido sea menor de siete (7) días, los sábados, domingos o días de fiesta legal intermedios se excluirán del cómputo.  Medio día feriado se considerará como feriado en su totalidad.**

[49] Soc. de Gananciales v. A.F.F. 108 D.P.R. 644 (1979).

[50] Pagán v. Alcalde Mun. Cataño, 143 D.P.R. 314 (1997); Piñeiro v. Int'l Air Serv. of P.R., Inc., 140 D.P.R. 343 (1996); Vélez Rodríguez v. Amaro Cora 138 D.P.R. 182 (1995); Dolphin Int'l of P.R. v. Ryder Truck Lines 127 D.P.R. 869 891 (1991); Sánchez v. Eastern Air Lines, Inc. 114 D.P.R. 691 (1983); Collado v. E.L.A. 98 D.P.R. 111 (1969); Rodríguez v. Serra 90 D.P.R. 776, (1964).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Medio Mundo, Inc.

    Recurrido

      v.

| Amparo Rivera t/c/p Amparo Reyes, Manuel Sabat Rivera y Carmen Gloria Sabat Rivera | CC-99-273 | Certiorari |
|---|---|---|

    Peticionarios

SENTENCIA

San Juan, Puerto Rico, a 8 de junio de 2001.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se confirma la sentencia emitida por el Tribunal de Circuito de Apelaciones, aunque por fundamentos distintos a los utilizados por dicho Tribunal, toda vez que un recurso se formula contra la parte dispositiva y no contra sus fundamentos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Presidente señor Andréu García y los Jueces Asociados señores Hernández Denton y Fuster Berlingeri disienten sin opinión escrita.



Isabel Llompart Zeno
Secretaria del Tribunal Supremo