Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Banco Popular de Puerto Rico<br><br>Peticionario<br><br>vs.<br><br>Luis A. Rentas Lotti<br><br>Recurrido | TA2025CE00901 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2024CV01214<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Comparece el Banco Popular de Puerto Rico (Banco Popular o parte peticionaria) a los fines de solicitar la revocación de la Orden emitida el 28 de octubre de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario). Mediante el referido dictamen, el foro primario resolvió que la Sentencia dictada en rebeldía no es final ni firme, por haberse devuelto el correo certificado remitido a la última dirección conocida del señor Luis A. Rentas Lotti (Sr. Rentas Lotti o parte recurrida).

Luego de evaluar el recurso presentado por la parte peticionaria, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

---

[1] Notificada en igual fecha.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, expedimos el auto de *Certiorari*, y revocamos el dictamen recurrido, por los fundamentos que expondremos a continuación.

**I.**

El 30 de abril de 2024, el Banco Popular instó una Demanda sobre cobro de dinero en contra del Sr. Rentas Lotti. En síntesis, alegó que el recurrido incumplió con el pago establecido en el Contrato de Venta al Por Menor a Plazos para financiar la adquisición de un vehículo de motor. En vista de lo anterior, precisó que este adeuda las sumas de $18,824.55, en concepto del incumplimiento del pago, más $3,473.75, por razón de costas y honorarios de abogados. Igualmente, especificó que, por información y creencia, la dirección postal de la parte recurrida es la que consta a continuación:

**Ext. Las Delicias 2, 3722 Ave. Antonio Pérez Pierret, Ponce PR 00728.**[2]

Al día siguiente, el TPI expidió el proyecto de emplazamiento para ser diligenciados al Sr. Rentas Lotti, a tenor con la información brindada por este a la institución bancaria. Sin embargo, tras efectuar los trámites correspondientes, el 19 de agosto de 2024, el Banco Popular presentó una Moción Solicitando Emplazamiento por Edicto, a la cual adjuntó una Declaración Jurada. Surge de este último documento que, en tres ocasiones, el emplazador acudió a la última dirección conocida del recurrido, mas no localizó a este.[3] Allí se comunicó con vecinos que residen en la última dirección brindada por el Sr. Rentas Lotti, quienes le indicaron que este no reside en dicho lugar, según se estableció en

---

[2] Véase, entrada (1) del Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Demanda, a la pág. 1; Anejo 2, a la pág. 1; Anejo 3, a la pág. 1.

[3] Sus visitas a la última dirección conocida del recurrido ocurrieron el 31 de mayo de 2024, el 15 de junio de 2024, y el 13 de julio de 2024. Véase, entrada 3 del SUMAC TPI, Anejo 1, a la pág. 1.

la Declaración Jurada. A su vez, de acuerdo con lo declarado, el emplazador acudió a la Policía Estatal y la Policía Municipal de Ponce, y además, realizó una búsqueda mediante las redes sociales (Facebook), pero declaró que sus investigaciones resultaron infructuosas a tales efectos. Por tales circunstancias, la parte peticionaria solicitó que se expidiera un emplazamiento por edicto para notificar a la parte recurrida respecto a la causa de acción instada en su contra.

Evaluada su petición, el foro primario emitió una Orden, notificada el 21 de agosto de 2024, en la cual declaró Ha Lugar la solicitud para emplazar por edicto, y estableció las siguientes directrices para notificar a la parte recurrida a su última dirección conocida:

> *Vista la Demanda radicada y la Moción Solicitando Emplazamiento por Edicto en el caso de epígrafe, y examinado los autos de este caso y la ley aplicable, este Tribunal declara CON LUGAR la Solicitud de Emplazamiento por Edicto de la Parte Demandada, Luis Armando Rentas Lotti, y en su consecuencia ordena la expedición del Emplazamiento por Edicto el cual se publicará una sola vez en un Periódico de circulación general de la isla de Puerto Rico;* **que dentro de los diez (10) días siguientes a la publicación del Edicto se le dirigirá a la Parte Demandada una Copia del Emplazamiento y de la Demanda presentada, por Correo Certificado con Acuse de Recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo siempre y cuando dicha entidad no posea vínculo alguno con la Parte Demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique por Declaración Jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la Parte Demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la Parte Demandada, en cuyo caso este Tribunal excusará el cumplimiento de esta disposición. La Secretaría del Tribunal se servirá a expedir el correspondiente Emplazamiento por Edicto.**[4]
> (Énfasis nuestro).

Tramitado el emplazamiento por edicto, el 15 de noviembre de 2025, el Banco Popular radicó una Moción Solicitando

---

[4] Véase, entrada (4) del SUMAC TPI.

Anotación de Rebeldía y Sentencia por las Alegaciones, acompañada de un documento juramentado sobre la publicación del edicto en un periódico de circulación general, y la evidencia documental del sobre devuelto remitido a la última dirección postal conocida del Sr. Rentas Lotti.  A tales efectos, precisó que la parte recurrida no ha presentado alegaciones responsivas, a pesar de que se le notificó la reclamación instada en su contra mediante edicto y correo certificado destinado a la siguiente dirección: Ext. Las Delicias 2, 3722 Ave. Antonio Pérez Pierret, Ponce PR 00728, el cual fue devuelto.[5]

Evaluada su petición, en igual fecha, el TPI impuso la anotación de rebeldía contra la parte recurrida.  Así las cosas, el 7 de enero de 2025, el foro primario dictó Sentencia en rebeldía, y decretó que el Sr. Rentas Lotti pagase la suma de $18,824.55 en concepto de la deuda principal, más $3,473.75 por razón de gastos y honorarios de abogado.  Durante ese día, la Secretaría del TPI emitió el siguiente comunicado intitulado Notificación de Sentencia por Edicto:

> *A: Luis Armando Rentas Lotti*
>
> *El Secretario(a) que suscribe le notifica a usted que el 07 de enero de 2025, este Tribunal ha dictado Sentencia, Sentencia Parcial o Resolución en este caso, que ha sido debidamente registrada y archivada en autos donde podrá usted enterarse detalladamente de los términos de la misma.*
>
> *Esta notificación se publicará una sola vez en un periódico de circulación general en la Isla de Puerto Rico, dentro de los 10 días siguientes a su notificación.*
>
> ***Y, siendo o representado usted una parte en el procedimiento sujeta a los términos de la Sentencia, Sentencia Parcial o Resolución, de la cual puede establecerse recurso de revisión o apelación dentro del término de 30 días contados a partir de la publicación del edicto de esta notificación que se considera hecha en la fecha de la publicación del edicto.***

---

[5] Véase, entrada (6) del SUMAC TPI, Anejo 2, a la pág. 1.

> ***Copia de esta notificación ha sido archivadas en los autos de este caso, con fecha de 7 de enero de 2025.***
>
> ***En Ponce, Puerto Rico, el 7 de enero de 2025***.[6] (Énfasis nuestro).

Con posterioridad, el 8 de octubre de 2025, el Banco Popular interpuso una Moción Solicitando Ejecución de Sentencia, toda vez que la parte recurrida aún no ha pagado la suma adeudada. A tales efectos, expuso que el día 7 de enero de 2025, el foro primario dictó Sentencia en el presente caso. Informó que dicha Sentencia se publicó por edicto el 14 de enero de 2025, y fue notificada a la parte recurrida ese día, por medio de correo certificado, a su última dirección postal conocida, es decir: **Ext. Las Delicias 2, 3772, Ave. Antonio Pérez Pierret, Ponce, Puerto Rico, 00728**.[7]

Tras revisar dicha solicitud, el TPI emitió una Orden, notificada el 9 de octubre de 2025, en la cual decretó que la parte peticionaria presentara prueba de acuse de recibo en cuanto a la notificación de la Sentencia a la última dirección conocida del Sr. Rentas Lotti. En aras de cumplir con lo ordenado, el Banco Popular radicó una Moción en Cumplimiento de Orden del 9 de octubre de 2025, a la cual adjuntó el documento del correo certificado remitido a la última dirección conocida de la parte recurrida. Puntualizó, además, que en el escrito sometido con anterioridad había presentado tal evidencia documental.

No obstante, radicada tal documentación, el foro primario dictaminó una Orden, en la cual reiteró que no se presentó el acuse de recibo según ordenado. Por ende, la parte peticionaria presentó nuevamente una Moción en Cumplimiento de Orden del 9 de octubre de 2025 (2), acompañada de la documentación pertinente para acreditar el envío del correo certificado a la última dirección conocida del recurrido. En esa ocasión, también

---

[6] Véase, entrada 12 del SUMAC, TPI.

[7] Véase, entrada 15 del SUMAC TPI, Anejo 4, a la pág. 1.

presentó la evidencia de la devolución de correo certificado, el cual se remitió el 14 de enero de 2025.[8]

Evaluados tales documentos, el 28 de octubre de 2025, el TPI dictó una Orden, notificada en igual fecha, en la cual resolvió lo siguiente:

> *Surge del expediente que la notificación de la Sentencia a la parte demandada a su dirección conocida resultó devuelta por el servicio postal por las circunstancias que el sobre devuelto acredita, por lo que la sentencia no es final, firme ni ejecutable. Se concede un término de 10 días a la parte demandante para informar nueva dirección o para solicitar notificar la Sentencia por otro medio.*[9]

Oportunamente, el 10 de noviembre de 2025, la parte peticionaria presentó una Moción Solicitando Reconsideración de la Orden Dictada el 28 de octubre de 2025. En esencia, informó que el 14 de enero de 2025, la Sentencia se notificó mediante edicto, y también, durante ese día, se le envió al Sr. Rentas Lotti notificación del dictamen, por medio de correo certificado, en particular a su última dirección postal conocida, de conformidad con la Regla 65.3(c) de Procedimiento Civil, *infra*. Así expuesto, solicitó que se declare Con Lugar la ejecución de Sentencia, toda vez que el dictamen es final y firme.

Examinados sus planteamientos, el foro primario emitió una Orden, notificada el 13 de noviembre de 2025, en la cual declaró No Ha Lugar la reconsideración solicitada por la parte peticionaria. En virtud de su dictamen, razonó que cuando no se notifica a una parte del pleito o la notificación resulta defectuosa no comienzan a transcurrir los términos relativos a los asuntos postsentencia, según se resolvió en *Medio Mundo, Inc. v. Rivera*, 154 DPR 315 (2001).

Inconforme, el 15 de diciembre de 2025, el Banco Popular recurrió ante este Tribunal de Apelaciones mediante una Petición

---

[8] Véase, entrada 19 del SUMAC TPI, Anejo I, a las págs. 1-2.
[9] Véase, entrada 20 del SUMAC TPI.

de *Certiorari,* en la cual esbozó los siguientes señalamientos de error:

> *Erró el TPI al concluir que la Sentencia no es final, firme ni ejecutable cuando la notificación de la Sentencia publicada por edictos enviada por correo certificado a la última dirección conocida de la parte demandada resulta devuelta por el servicio postal.*
>
> *Erró el Tribunal al concluir que, cuando se notifica una sentencia por edicto a la última dirección conocida del demandado y la correspondencia es devuelta al remitente, equivale a una falta de notificación o a una notificación defectuosa, haciendo referencia al caso Medio Mundo, Inc. v. Rivera, 154 DPR 315, 330-331.*

## II.

### A.

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*

*C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*

*D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*

*D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 849 (2023). Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

En nuestro esquema procesal, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, contempla la anotación de rebeldía contra aquella parte demandada que haya dejado de presentar alegaciones o no se haya defendido. Es decir, "cuando una parte no contesta la demanda o no se defiende como

las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte". *González Pagán et al. v. SLG Moret Brunnet*, 202 DPR 1062, 1068 (2019); *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015). Conforme con lo anterior, "[l]a rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal". *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 587.

Anotada la rebeldía, se dan por admitidas todas las alegaciones sobre hechos correctamente presentadas y la causa de acción podrá continuar dilucidándose sin que el demandado participe. *González Pagán et al. v. SLG Moret Brunnet, supra*, a la pág. 1069; *Rivera Figueroa v. Joe's European Shop, supra*, a la pág. 590. Ahora bien, constituye un deber procesal garantizar la notificación de la sentencia dictada en rebeldía, de conformidad con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3:

> *En el caso de partes en rebeldía que hayan comparecido en autos, el Secretario o Secretaria le notificará toda orden, resolución o sentencia a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9. En el caso de partes en rebeldía que fueron emplazadas personalmente y nunca comparecieron, se le notificará la sentencia a la última dirección conocida. En caso de desconocer la última dirección, se procederá a notificar la sentencia por edicto, de la misma forma como si la persona hubiera sido emplazada por edicto, según se describe a continuación. En el caso de partes en rebeldía que hayan sido emplazadas por edicto y que nunca hayan comparecido en autos o de partes demandadas desconocidas, el Secretario o Secretaria expedirá un aviso de notificación de sentencia por edictos para su publicación por la parte demandante. **El aviso dispondrá que este debe publicarse una sola vez en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a su notificación e informará a la parte demandada de la sentencia dictada y del término para apelar. Copia del aviso de notificación de sentencia publicado será notificada a la parte demandada**

*por correo certificado con acuse de recibo dentro del término de diez (10) días luego de la publicación del edicto a la última dirección conocida del demandado. Todos los términos comenzarán a computarse a partir de la fecha de la publicación del edicto, la cual deberá acreditarse mediante una declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado.* (Énfasis nuestro).

Nótese que, el texto reglamentario precitado se dirige a dos circunstancias particulares, a saber: (1) cuando la parte en rebeldía ha sido emplazada por edicto y nunca ha comparecido, y (2) cuando la parte demandada es desconocida. *Yumac Home v. Empresas Massó,* 194 DPR 96, 108 (2015). En virtud de dicha regla, nuestro estado de derecho viabiliza la notificación a aquella parte emplazada por edicto que no ha comparecido a ningún procedimiento del litigio:

> *Un examen de la disposición citada revela que en los casos de sentencias dictadas en rebeldía también existe la obligación de notificar el archivo en autos de dichas sentencias a todas las partes involucradas. Esto incluye a las partes que se encuentren en rebeldía por falta de comparecencia. Falcón Padilla v. Maldonado Quirós,* 138 DPR 983, 993 (1995).

Ello, pues, "independientemente de si a la parte se le anotó rebeldía por falta de comparecencia, como parte afectada debe ser notificada de la sentencia que en su día recaiga". *Bco. Popular v. Andino Solís, supra,* a la pág. 182. Sobre este particular, el Tribunal Supremo de Puerto Rico ha establecido la siguiente normativa referente a la parte emplazada por edicto que nunca compareció al pleito:

> *[C]uando una parte haya sido emplazada por edictos a tenor con la Regla 4.5 de Procedimiento Civil, supra, por razón de que no pudo ser localizada en su última dirección conocida y se desconoce su paradero, dicha parte deberá ser notificada de la sentencia recaída en rebeldía por falta de comparecencia mediante la publicación de edictos, es decir, de la misma forma como fue notificada de la demanda en su contra. Así, se aclaró que la notificación por edicto de una sentencia aplica tanto al demandado en rebeldía de identidad desconocida como al de identidad*

*conocida cuando éste haya sido emplazado por edicto.* *R&G Mortgage v. Arroyo Torres y Otros,* 180 DPR 511, 519 (2010) (citando a *Falcón Padilla v. Maldonado Quirós, supra,* a la pág. 993). (Énfasis nuestro).

No obstante, es menester distinguir este trámite de aquellos escenarios en los cuales el emplazamiento se ha diligenciado personalmente a la parte demandada y, sin embargo, esta no compareció al pleito.  En la atención de este contexto, el Tribunal Supremo de Puerto Rico ha precisado que opera la siguiente normativa:

> *Determinamos que una vez se emplaza personalmente a una parte, conforme establecen los parámetros de la Regla 4 de Procedimiento Civil para este tipo de emplazamiento, la sentencia que en su momento se dicte deberá **ser notificada a la última dirección conocida de la parte, aunque se encuentre en rebeldía porque nunca haya comparecido. Yumac Home v. Empresas Massó, supra**,* a la pág. 114.

De manera similar, en el caso *Medio Mundo, Inc. v. Rivera,* 154 DPR 315, 329-330 (2001)[10] se aplicó esta norma, toda vez que el demandado, emplazado personalmente, no compareció al pleito, y no fue notificado del dictamen.  Frente a tales circunstancias, el Máximo Foro puertorriqueño reiteró, también, la importancia del archivo en autos de copia de su notificación, para que las partes puedan solicitar los remedios posteriores a la sentencia que tienen a su alcance.  *Íd.,* a la pág. 330.

**Ahora bien, como antes explicamos, si una parte se emplazó por edicto, pero nunca compareció al pleito, esta deberá ser notificada de la sentencia mediante la publicación del edicto, es decir, de la misma forma como fue notificada de la demanda en su contra. Una vez se publique el edicto, entonces empieza a transcurrir el término para acudir en**

---

[10] Contrario a lo dispuesto por el tribunal recurrido, concluimos que este precedente es inaplicable a la disposición de este recurso, pues en el pleito ante nuestra consideración, el Sr. Rentas Lotti fue notificado mediante edicto, mas nunca compareció al litigio. **Así que, la parte peticionaria procedió correctamente al notificarle el dictamen mediante publicación del edicto, según se le avisó respecto al reclamo instado en su contra.**

**revisión al Tribunal de Apelaciones, plazo que se establece a partir de la última publicación del edicto.** Véase, *R&G Mortgage v. Arroyo Torres y Otros, supra,* a la pág. 522. El trámite descrito salvaguarda el debido proceso de ley, en su vertiente procesal, principio constitucional que requiere una adecuada notificación a todas las partes. Así pues, es a partir de la notificación que comienzan a cursar los términos establecidos. *Bco. Popular v. Andino Solís, supra,* a la pág. 183 (citando a R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: derecho procesal civil</u>, 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 193).

### III.

De entrada, establecemos que, de conformidad con los criterios recogidos en la Regla 40 del Tribunal de Apelaciones, *supra,* este foro intermedio apelativo se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que ostentamos, procedemos a resolver la controversia ante nuestra consideración.

Luego de un análisis sosegado del recurso presente determinamos que el foro primario erró al dictaminar que la Sentencia dictada en rebeldía no es final ni firme, y por consiguiente, no es ejecutable, por haberse devuelto el correo certificado remitido a la última dirección conocida de la parte recurrida. Adelantamos que, la parte peticionaria cumplió íntegramente con el proceso que dimana de la Regla 65.3(c) de Procedimiento Civil, *supra,* concerniente al trámite notificativo aplicable para aquellos casos en los que la parte demandada es emplazada por edicto, mas no comparece a ninguna etapa del litigio. Veamos.

Surge del expediente ante nos que, el Banco Popular emplazó por edicto al Sr. Rentas Lotti, y le notificó copia de la Demanda a la última dirección conocida de este: **Ext. Las Delicias**

**2, 3722 Ave. Antonio Pérez Pierret, Ponce PR 00728.**[11] No obstante, a pesar de haber sido emplazado por ese medio, el recurrido nunca compareció al pleito, por lo que, el TPI dictó Sentencia en rebeldía en su contra. En aras de garantizar su debido proceso de ley, el 14 de enero de 2025, el Banco Popular publicó el edicto relativo a la Sentencia, en un periódico de circulación general, según consta en declaración jurada.[12] Igualmente, durante ese día, la parte peticionaria remitió la notificación del dictamen a la última dirección conocida, previamente citada, del Sr. Rentas Lotti, no obstante, el correo certificado fue devuelto.

Ante este historial procesal, puntualizamos que, el hecho de que el correo certificado haya sido devuelto no constituye un quebrantamiento de la Regla 65.3 de Procedimiento Civil, *supra*, por parte del Banco Popular. **Así pues, resaltamos que la parte peticionaria acreditó correctamente que la Sentencia recaída en rebeldía se notificó mediante edicto, es decir, se avisó al recurrido del dictamen de la misma manera en que fue notificado de la Demanda instada en su contra, según exige el estado de derecho vigente.** Véase, *R&G Mortgage v. Arroyo Torres y Otros*, a la pág. 519.  A la luz de lo anterior, resolvemos que la Sentencia dictada en rebeldía advino final y firme, toda vez que se notificó correctamente y, además, no se impugnó dentro de los términos correspondientes.

Así dispuesto, concluimos que erró el foro primario al dictaminar que la parte peticionaria incumplió con el trámite notificativo del dictamen emitido en rebeldía.  En virtud de este razonamiento, expedimos el auto de *Certiorari*, y revocamos la

---

[11] En su solicitud para emplazar por edicto, el Banco Popular acreditó, mediante declaración jurada, haber efectuado los esfuerzos razonables para diligenciar el emplazamiento directamente al Sr. Rentas Lotti. Véase, entrada 3 del SUMAC, TPI, Anejo 1, a la pág. 1.
[12] Véase, entrada 15 del SUMAC TPI, Anejo 3, a la pág. 1.

Orden recurrida, a los fines de establecer que el Banco Popular notificó la Sentencia dictada en rebeldía mediante la publicación del edicto, de conformidad con la Regla 65.3(c) de Procedimiento Civil, *supra.* En consecuencia, transcurrido el término aplicable para impugnar dicho dictamen, este advino final y firme.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari,* y revocamos la Orden emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce. Concluimos que el Banco Popular notificó correctamente la Sentencia, de conformidad con la Regla 65.3(c) de Procedimiento Civil, 32 LPRA Ap. V., R. 65.3. Por lo que, la Sentencia advino final y firme.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones